## 58486. WADE v. THE STATE.

CARLEY, Judge.

Appeal is taken from a final order revoking appellant's probation.

1. The first enumeration of error urges that the trial court erred in not sustaining "appellant's objection to the deprivation of his liberty without due process of law." Appellant's brief argues that due process was not afforded because no preliminary probable cause hearing was held on the question of probation violation.

Appellant was arrested on March 15, 1979, for probation violations. Not until April 30, 1979, did appellant's probation officer petition for probation revocation. This delay was apparently the result of the failure of the sheriff's office to notify the probation officer until April 27, 1979, that the warrant for appellant's arrest had been executed. Appellant was served with a "show cause" order on May 14, 1979. Counsel for appellant was appointed on May 17, 1979, and received notice of his appointment the following day. On May 21, 1979, the revocation hearing was held and appellant's probation was revoked.

Upon call of the revocation hearing on May 21, 1979, appellant made no objection to the procedure followed to date. His counsel announced that he was "ready" and proceeded with the hearing. Appellant's attorney fully participated by cross examining the state's witnesses, by calling witnesses on appellant's behalf and by tendering documentary evidence. It was only after both sides had rested and the evidence was closed that the "objection," the denial of which is urged as error, was raised. This "objection" occurred in the closing argument by appellant's counsel and was as follows: "And we would point out to the Court and attempt to mitigate some of these circumstances that he was arrested on March the 15th, and had been confined to the Lowndes County Jail since that time. As the argument, we would contend — Mr. Wade would contend that his right to due process has been violated by the fact that he was arrested on March the 15th, and confined there and that no provision for an attorney was made for him until notice was received by

counsel on May the 17th — received on May the 18th. Primarily, we would point out the fact of his confinement was [sic] would show that he has been out there for an extended period of time, and we would point that out to the Court. Thank you. That's all I have."

In the first instance, we fail to see how the quoted language can be construed as an "objection." It apparently invoked no ruling by the trial court and, from the tenor of the language, apparently no ruling was anticipated. However, even if the language be construed as an "objection," it is clear that it nowhere raised the "failure to provide a preliminary probable cause hearing" issue which is argued in appellant's brief. Objections regarding preliminary hearings, including the denial of such a hearing, must be raised in the trial court and ruled upon to present a justiciable question on appeal; appellant's objection to the failure to provide him a preliminary hearing, raised for the first time on this appeal, comes too late. *Wisdom v. State,* 234 Ga. 650, 659 (217 SE2d 244) (1975).

We find no merit in the argument advanced in appellant's first enumeration of error.

2. Appellant contends that the evidence did not warrant revocation of his probation. "This court has repeatedly held that the trial judge is not bound by the same rules of evidence as a jury in passing on the guilt or innocence of the accused in the first instance. The judge is the trier of facts. He has a very wide discretion. [Cit.] Only 'slight evidence' is required to authorize revocation and where there is any evidence supporting the offense charged as a violation of the probation, an appellate court will not interfere with a revocation unless there has been manifest abuse of discretion. [Cit.]" *Clay v. State,* 143 Ga. App. 361 (238 SE2d 724) (1977). The record here amply supports the trial court's finding that appellant was in "willful and voluntary" violation of his probation without "any justifiabale reason or excuse" therefor. There was no error.

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

SUBMITTED SEPTEMBER 6, 1979 — DECIDED NOVEMBER 26, 1979.

██

*Robert M. Clyatt,* for appellant.
*Lamar Cole, District Attorney, Richard W. Shelton, Assistant District Attorney,* for appellee.