## A99A0594. WILLIAMS v. THE STATE.
(520 SE2d 466)

SMITH, Judge.

Leslie Williams was indicted on charges of entering an automobile with intent to commit a theft and violation of OCGA § 16-11-131, which makes it a felony for any person on probation as a first offender, see OCGA §§ 42-8-60 through 42-8-65, or any person who has previously been convicted of a felony, to possess a firearm. OCGA § 16-11-131 (b). Following a bifurcated jury trial, Williams was found not guilty of entering an automobile but guilty of violating OCGA § 16-11-131. He filed a motion for new trial, which was denied, and he now appeals. Because we conclude that the evidence was insufficient to convict Williams, we agree with Williams that reversal is required.

Williams does not dispute the material facts of the incident underlying his prosecution. On the night of January 31, 1995, the victim discovered that his Jeep, which was parked in his driveway, had been broken into. He saw the headlights on, the driver's door open, broken glass on the ground and inside the vehicle, and the steering column damaged. A short time later, police arrested Williams and two juveniles, after stopping the car Williams was driving. During an inventory search of Williams's car, police discovered a Lorcin .380 semiautomatic pistol and an RG .22 caliber revolver inside the car.

Williams argues that insufficient evidence existed to convict him of violation of OCGA § 16-11-131. That statute provides in relevant part: "Any person who is on probation as a first offender pursuant to Article 3 of Chapter 8 of Title 42 or who has been convicted of a felony by a court of this state . . . and who receives, possesses, or transports any firearm commits a felony." OCGA § 16-11-131 (b). Williams does not take issue with the finding inherent in the jury's verdict that he possessed the guns found inside his car. He contends, however, that he was not "on probation as a first offender," as required by OCGA § 16-11-131 (b). We agree.

The State did present evidence that Williams was convicted and sentenced as a first offender in 1992. Williams was subsequently convicted of another felony offense in 1993, however, and his first offender probation was revoked. Consequently, when he was arrested in 1995, he was no longer "on probation as a first offender." OCGA § 16-11-131 (b). The evidence therefore was insufficient to convict Williams of violation of OCGA § 16-11-131 (b).

OCGA § 16-11-131 (b) also states that a convicted felon in possession of a firearm commits a felony, and Williams was a convicted felon at the time of his January 1995 arrest. But the indictment for the 1995 incident charged Williams with violation of OCGA § 16-11-

131 in only one specific manner: possession of a firearm when he had been sentenced to a term of probation as a first offender. To uphold Williams's conviction on the ground that the evidence also showed that he was a convicted felon in possession of a firearm would be unauthorized. "To permit the prosecution to prove that a crime was committed in a wholly different manner than that specifically alleged in the indictment would subject the accused to unfair surprise at trial and constitute a fatal variance." (Citations and punctuation omitted.) *Ross v. State*, 195 Ga. App. 624, 625 (1) (394 SE2d 418) (1990). See also *Legg v. State*, 207 Ga. App. 399, 401 (4) (428 SE2d 87) (1993).

The State argues that the indictment charging Williams with violation of OCGA § 16-11-131 did not require proof that Williams was still on first offender probation in January 1995. Instead, according to the State, the indictment required only proof that Williams had previously been sentenced to a term of probation as a first offender.[1] Because evidence was presented that Williams was indeed sentenced to probation as a first offender in 1992, the State maintains the evidence was sufficient to convict him, despite the fact that this probation had been revoked. We cannot agree. Merely having once been sentenced to a term of probation as a first offender is not an element of the crime defined in OCGA § 16-11-131 (b). The crime is committed when one who is currently on probation as a first offender possesses a firearm. The evidence presented at trial did not meet this definition.

*Judgment reversed. Pope, P. J., and Eldridge, J., concur.*

DECIDED MAY 27, 1999.

*Anna Blitz*, for appellant.
*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Assistant District Attorney*, for appellee.

---

[1] The indictment states in relevant part that Williams violated OCGA § 16-11-131 by possessing certain firearms, the "accused having been sentenced pursuant to Article 3 of Chapter 8 of Title 42 of the Official Code of Georgia Annotated to a term of probation as a First Offender" in January 1992.