A05A1498. WHITE v. THE STATE.
(619 SE2d 333)

BLACKBURN, Presiding Judge.

Convicted of various theft-related offenses in 1987, Michael White appeals the court's 2004 order revoking his probation, arguing that his probation had terminated in 2000 when the Board of Pardons and Paroles issued an order removing all disabilities arising out of White's 1987 convictions and sentences. Considering the broad language used in the Board's order and the Board's constitutional power of executive clemency, we agree with White and reverse.

Here the key issue is the legal effect of an order issued by the Board on White's sentences. We review questions of law de novo. *Davis v. Turpin.*[1]

The undisputed facts show that in 1987, White pled guilty to numerous theft-related offenses that resulted in a series of sentences which, in the aggregate, sentenced him to six years to serve followed by thirty-four years on probation. The Board paroled him in 1989, and in 1991, the Board commuted the prison portion of his sentences to time served.

In 1994, he was imprisoned again when six years of his probation were revoked for probation violations. The Board paroled him in 1995, and when the six revoked years expired in 2000, the Board discharged him from parole. After listing all of White's 1987 convictions and sentences, including the probated portions, the Board in the

---

[1] *Davis v. Turpin,* 273 Ga. 244, 246 (3) (a) (539 SE2d 129) (2000).

same discharge order further ordered that pursuant to its constitutional powers of clemency set forth in the Georgia Constitution, "all disabilities resulting from the above stated conviction(s) and sentence(s), as well as, any imposed prior thereto, be and each and all are hereby removed on the above discharge date." The Board also ordered that "all civil and political rights, excluding the right to receive, possess, or transport in commerce a firearm, lost as a result of the above stated conviction(s) and sentence(s) . . . , be and each and all are hereby restored on the above discharge date."

Four years later in 2004, the State filed a petition to revoke White's probation for additional probation violations. White defended that the discharge order had terminated the probationary portion of his sentences and therefore there was nothing to revoke. The court disagreed and revoked White's probation for a period of three-and-one-half years, which order White appeals.

Regarding the powers of the Board, the Georgia Constitution of 1983 provides:

> Except as otherwise provided in this Paragraph, the State Board of Pardons and Paroles shall be vested with the power of executive clemency, including the powers to grant reprieves, pardons, and paroles; to commute penalties; to remove disabilities imposed by law; and to remit any part of a sentence for any offense against the state after conviction.

Ga. Const. 1983, Art. IV, Sec. II, Par. II (a). See Ga. Comp. R. & Regs. r. 475-2-.01 (1) (2005). It is undisputed that none of the exceptions apply here. The exercise of these powers to commute penalties, remove disabilities imposed by law, and remit parts of sentences is discretionary. *Justice v. State Bd. of Pardons & Paroles*.[2] Thus, the Board had the power to remit or terminate the probationary portion of White's sentences if it so chose.

The question therefore is whether the discharge order did so. The broad language of the order removes *all* disabilities resulting from White's convictions and sentences. This would include all disabilities arising from the probationary portions of the sentences, which would necessarily terminate those sentences. This interpretation is confirmed by the Board's simultaneous express restoration of civil and political rights to White, which the Board (under its own rules) restores to a felony parolee "if he has no other sentence to serve." Ga. Comp. R. & Regs. r. 475-3-.10 (6) (a) (2005). With the removal of all disabilities by the discharge order, White had no other sentence to

---

[2] *Justice v. State Bd. of Pardons & Paroles*, 234 Ga. 749, 751 (2) (218 SE2d 45) (1975).

serve and therefore was restored to his civil and political rights. Indeed, after listing the probationary sentences, the discharge order specifies that White "has completed said sentence(s)."

The Board's termination of White's sentences precluded the State as a matter of law from meeting its "initial burden in a revocation proceeding . . . to show a sentence of probation." *Palmer v. State.*[3] Accordingly, the court erred in issuing an order purporting to revoke a terminated probationary sentence. We must therefore reverse. This moots White's other enumerations of error.

*Judgment reversed. Miller and Bernes, JJ., concur.*

DECIDED JULY 28, 2005.

*Daniel B. Greenfield*, for appellant.
*Donald N. Wilson, District Attorney, Brian P. Duncan, Carmen T. Bolden, Lee Ann de Grazia, Assistant District Attorneys*, for appellee.

