## A09A1916. GRIFFIN v. THE STATE.
(692 SE2d 7)

DOYLE, Judge.

Following the revocation of his probation based on a finding that he drove with a suspended license, David Anthony Griffin appeals, contending that the evidence was insufficient to support the revocation. Because there was evidence supporting the trial court's finding that Griffin drove with a suspended license, we affirm.

"A court may not revoke any part of any probated or suspended

sentence unless . . . the evidence produced at the revocation hearing establishes by a preponderance of the evidence the violation or violations alleged.'' OCGA § 42-8-34.1 (b). "This court will not interfere with a revocation unless there has been a manifest abuse of discretion on the part of the trial court. Accordingly, if admissible evidence is presented in support of the allegations regarding revocation of probation, this court will affirm.''[1]

So viewed, the record shows that a police officer observed Griffin driving a car suspected to have an illegal window tint.[2] Shortly thereafter, the officer saw Griffin get out of the driver's seat at a convenience store, and as the officer turned his vehicle around, Griffin's vehicle left the convenience store, this time with Griffin's brother driving. The officer executed a traffic stop and asked both men for their driver's licenses. The brother produced his license, and Griffin told the officer that his license was suspended.

The State petitioned for revocation of Griffin's probation based on the driving violation and other alleged offenses. Following a hearing, the trial court found those alleged offenses to be unproven, but the court did find that Griffin had driven with a suspended license. Based on this finding, the court revoked Griffin's probation; Griffin now appeals.

Griffin's sole contention on appeal is that the evidence supporting the revocation was insufficient because the only evidence that his license was suspended was his own admission that it was suspended. As support, Griffin relies on OCGA § 24-3-53, which states that "[a]ll admissions shall be scanned with care, and confessions of guilt shall be received with great caution. A confession alone, uncorroborated by any other evidence, shall not justify a conviction.'' Based on this Code section, Griffin argues that, absent other proof that his license had been suspended, his mere confession alone cannot justify the revocation of his probation based upon driving on a suspended license.

However,

[Griffin's] statement was not a confession, but rather, an admission, as it was not so comprehensive as to include every essential element of the offense. An admission is the avowal of a fact or of circumstances from which guilt may be inferred, but only tending to prove the offense charged and

---

[1] (Citation and punctuation omitted.) *Mullens v. State*, 289 Ga. App. 872 (658 SE2d 421) (2008).

[2] See OCGA § 40-8-73.1; *State v. Simmons*, 283 Ga. App. 141, 143 (640 SE2d 709) (2006) (suspected illegal tint justified initial traffic stop). Griffin's appeal does not challenge the officer's justification to make the traffic stop.

not amounting to a confession of guilt. While admissions are scanned with care, for what they are worth, along with other evidence, unlike confessions, it is not required that they be corroborated.[3]

Griffin's probation was revoked based on his violation of OCGA § 40-5-121 (a), which provides, in relevant part, that "any person who drives a motor vehicle on any public highway of this state . . . at a time when his or her privilege to so drive is suspended . . . shall be guilty of a misdemeanor. . . ." Therefore, Griffin's statement to the officer that his license was suspended was an admission and not a confession requiring corroboration under OCGA § 24-3-53, because Griffin's statement was not so comprehensive as to include every essential element of the offense — he did not admit to driving a motor vehicle on a highway of the state. The proof of this latter element was provided by the direct testimony of the officer who observed Griffin driving. Therefore, OCGA § 24-3-53 does not require corroboration here. Because Griffin's admission was evidence that his license was suspended,[4] we discern no abuse of the trial court's discretion in revoking Griffin's probation based on a finding that Griffin drove on a suspended license.[5]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 16, 2010 —
RECONSIDERATION DENIED MARCH 12, 2010 — 

*Healy & Svoren, Timothy P. Healy*, for appellant.
*Brian M. Rickman, District Attorney, James E. Staples, Jr., Assistant District Attorney*, for appellee.

---

[3] (Citation and footnote omitted.) *Williams v. State*, 246 Ga. App. 347, 350 (1) (540 SE2d 305) (2000). See also *Stowers v. State*, 205 Ga. App. 518, 519 (1) (422 SE2d 870) (1992) ("'[s]ince in [defendant's] statement he did not admit every essential element of the charged offense, the statement constituted an admission, not a confession, and no corroboration was required") (citation omitted).

[4] See *Wilson v. State*, 278 Ga. App. 420, 422 (629 SE2d 110) (2006) ("a defendant's incriminating statement is admissible when it constitutes an admission against the defendant's penal interest") (punctuation omitted); *Noeske v. State*, 181 Ga. App. 778, 779 (1) (353 SE2d 635) (1987) (defendant's admission was sufficient to support conviction of driving on a suspended license).

[5] See *Mullens*, 289 Ga. App. at 872.