## A10A1454. OLIVER v. THE STATE.

(700 SE2d 861)

BARNES, Presiding Judge.

Daniel Oliver appeals from the trial court's order revoking his probation and suspended sentence.[1] Finding no error, we affirm.

The record shows that Oliver pled guilty in January 2008 to possessing cocaine. The trial court sentenced him to seven years incarceration, but suspended the first three years upon entry into and completion of a drug treatment program, and probated the remaining four years. A few months later, the State moved to revoke Oliver's probation, arguing that he had committed several new criminal offenses in February 2008 and had not finished the drug treatment program. It also moved to enforce the suspended portion of Oliver's sentence based on his failure to complete the program. Following a hearing, the trial court found that Oliver had violated the terms of his suspended sentence and probation as alleged by the State. It thus revoked the suspended and probated portions of the sentence and ordered him to serve seven years in prison.

1. Oliver first argues that the trial court erred in finding that he had violated the terms of his suspended sentence. As noted above, the trial court agreed to suspend the first three years of Oliver's sentence if he entered into and completed a residential drug treatment program. Oliver entered the required program on January 18, 2008, two days after he pled guilty. Approximately three weeks later, however, he was arrested for the new criminal offenses and discharged from the program. The program manager testified that because of Oliver's arrest, "he did not successfully complete the program" and was placed in "non-compliant status."

On appeal, Oliver argues that he was doing well in the program before his arrest and was eligible to return for further treatment upon his release from prison. He thus claims that the trial court erred in finding that he did not complete the program. This Court, however, will not interfere with a trial court's decision revoking a suspended or probated sentence absent a manifest abuse of discre-

---

[1] Although suspended and probated sentences are similar, OCGA § 42-8-39 clearly distinguishes the two, specifying that an order suspending a defendant's sentence does "not have the effect of placing the defendant on probation." See also *Williams v. State*, 191 Ga. App. 217, 217-218 (1) (381 SE2d 399) (1989) (describing the difference between probated and suspended sentences). An order revoking a suspended sentence, therefore, is not equivalent to a probation revocation. And the discretionary appeal requirement in OCGA § 5-6-35 (a) (5) applies explicitly to orders revoking probation; it does not mention suspended sentences. An order revoking a suspended sentence is directly appealable. See *White v. State*, 233 Ga. App. 873, 875 (505 SE2d 228) (1998) (noting that OCGA § 5-6-35 (a) (5) "on its face applies only to 'orders revoking probation'"). Therefore, Oliver was not required to follow the discretionary appeal procedure to challenge the revocation of his suspended sentence and his challenge to the revocation of his probation is subject to appellate review under OCGA § 5-6-34 (d).

tion. See *Griffin v. State*, 302 Ga. App. 807, 808 (692 SE2d 7) (2010). A preponderance of the evidence showed that Oliver was discharged from the program because he was arrested, failed to complete its requirements, and was placed in "non-compliant" status. Accordingly, the trial court did not abuse its discretion in finding that Oliver violated the terms of his suspended sentence. See OCGA § 42-8-34.1 (b) (court may revoke suspended sentence if preponderance of the evidence establishes the alleged violation).

2. Oliver further claims that the trial court erred in revoking his entire four-year probationary period. The evidence at the revocation hearing showed that on February 7, 2008, Oliver had a physical altercation with his fiancée at her apartment. According to the fiancée, Oliver entered her bedroom early that morning, held her down on the bed, ripped her shirt, and grabbed her breast. She managed to push him away and told him to leave. Oliver responded by taking her car keys from her purse. Although the fiancée tried to stop him from leaving with her keys, he hit her in the face and left the apartment, heading for her car. The fiancée ran outside to prevent him from taking the car, but Oliver avoided her and drove away. The fiancée reported the incident to police, and Oliver was arrested five days later while driving her car.

The trial court found by a preponderance of the evidence that Oliver had committed theft by taking a motor vehicle and misdemeanor battery against his fiancée. Given the evidence presented, the court did not err in reaching these findings. See OCGA §§ 16-8-2 (defining theft by taking); 16-5-23 (a) (defining simple battery); see also *Griffin*, supra (" '[I]f admissible evidence is presented in support of the allegations regarding revocation of probation, this court will affirm.' "). Moreover, motor vehicle theft is a felony offense that subjects the offender to a maximum of ten years imprisonment. See OCGA § 16-8-12 (a) (5) (A). Oliver concedes on appeal that the trial court was authorized to revoke his entire probationary period based on commission of this felony. See OCGA § 42-8-34.1 (d). He argues, however, that the court should not have imposed such punishment here.

We disagree. Oliver contends that a complete revocation was "unduly harsh" because he was doing well in treatment before his arrest and was dedicated to changing his life. He also characterizes the altercation with his fiancée as an unfortunate "domestic incident" and asserts that he merely wanted to borrow her car. But the trial court rejected Oliver's explanations, as it was authorized to do, and found him guilty of a new felony offense. See *Dugger v. State*, 260 Ga. App. 843, 847 (3) (581 SE2d 655) (2003) (trial court decides the credibility of witnesses at a probation revocation hearing). Under these circumstances, the court did not abuse its discretion in

revoking all of his probation. See OCGA § 42-8-34.1 (d).

*Judgment affirmed. Senior Appellate Judge G. Alan Blackburn and Senior Appellate Judge William LeRoy McMurray, Jr., concur.*

DECIDED AUGUST 31, 2010.

*Ronald S. Boyter, Jr., John S. Anderson,* for appellant.

*Patrick H. Head, District Attorney, Albert T. Reeves, Jr., John R. Edwards, Assistant District Attorneys,* for appellee.