### A10A2099. JOHNSON v. THE STATE.
(707 SE2d 373)

MIKELL, Judge.

We granted Blake Anthony Johnson's application for discretionary review of the revocation of his probation. Johnson contends that the trial court erred when it revoked his probation because he failed to pay court-ordered fines and fees. For the reasons that follow, we agree and reverse.

Johnson pled guilty to possession of marijuana in 2008. He was sentenced as a first offender to eight years on probation and ordered to pay a fine in the amount of $1,500, court costs of $110, and a monthly probation supervision fee of $32. In 2009, the state filed a petition to modify or revoke Johnson's probation, alleging, inter alia, that Johnson failed to pay court-ordered fines, costs, and fees, and had committed new offenses. In response to the state's petition, the trial court adjudicated Johnson guilty and sentenced him to serve eight years on probation, with credit for time already served, in accordance with the terms originally imposed for the 2008 possession of marijuana conviction. Additionally, he was ordered to complete a three-to-four-month program at a detention center and an outpatient substance abuse program. Two months later, Johnson pled guilty to possession of marijuana with intent to distribute. Johnson was sentenced to ten years probation, with the same conditions imposed, and he was ordered to pay $110 in court costs and a monthly probation supervision fee of $32. Subsequently, the state filed a petition to modify or revoke Johnson's probation, on the sole ground that he failed to pay court-ordered fines, costs, and fees.

An evidentiary hearing was held at which Johnson testified that he did not have a job; that he had applied for employment at several places, which he named; that his family did not have the resources to help him pay his probation costs; and that he completed the detention center and substance abuse programs. The court posed questions to Johnson as to his age and his mental and physical ability to work, and Johnson explained that he was able to work. Johnson's probation officer testified that Johnson was in arrears on both his fine and his fees; that he had not made a payment since August 2008; and that he had not talked with her about his failed efforts to obtain

a job or his inability to pay his probation costs. The trial court ruled that Johnson had violated the terms and conditions of his probated sentences by failing to pay court-ordered fines and fees. The court revoked his probation, then reinstated it, making all of the conditions special, and required Johnson to serve 12 months in the detention center. It is from this order that Johnson appeals.

In support of his argument that the trial court erred, Johnson cites *Bearden v. Georgia*,[1] in which the United States Supreme Court addressed the question of "whether a sentencing court can revoke a defendant's probation for failure to pay the imposed fine and restitution, absent evidence and findings that the defendant was somehow responsible for the failure or that alternative forms of punishment were inadequate."[2] Answering the question in the negative, the Court held that

> in revocation proceedings for failure to pay a fine or restitution, a *sentencing court must inquire into the reasons for the failure to pay*. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. *If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternative measures of punishment other than imprisonment.* Only if alternative measures are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment.[3]

Although we do not interfere with a revocation of probation unless the trial court has manifestly abused its discretion,[4] we

---

[1] 461 U. S. 660 (103 SC 2064, 76 LE2d 221) (1983).

[2] Id. at 665 (II).

[3] (Footnote omitted; emphasis supplied.) Id. at 672-673 (II). Applying *Bearden* in *Massey v. Meadows*, 253 Ga. 389, 390 (321 SE2d 703) (1984), our Supreme Court held that the *Bearden* requirements also applied to cases where the payment of a fine is a condition precedent to probation and that a defendant's probation could not be withheld for failure to pay a fine absent a showing of wilfulness on his part or that alternative punishments are inadequate.

[4] *Griffin v. State*, 302 Ga. App. 807, 808 (692 SE2d 7) (2010).

conclude here that such an abuse occurred. In the instant case, the trial court made no express or written findings as to the reasons for Johnson's failure to pay or as to the inadequacy of alternative punishments. Rather, it inquired only as to Johnson's fitness to work before deciding to revoke Johnson's probation. Therefore, because the trial court made this determination without making the findings required by *Bearden*,[5] it committed reversible error.

The state argues that these findings were not required because the instant case involved a negotiated plea. The state's position is based on our holding in *Dickey v. State*,[6] but we decline to read *Dickey* in such a broad manner that it abrogates the requirements set forth in *Bearden*.[7] In *Dickey*,[8] the defendant pled guilty to theft by taking over $160,000 from his employer and negotiated a probated sentence that required him to make restitution by a certain date.[9] The defendant had paid only $2 by that date, and the trial court revoked his probation.[10] The defendant argued on appeal that the trial court erred because there was no evidence that his failure to pay was wilful.[11] However, we concluded that there was evidence of wilfulness because the defendant breached the contract he had made with the state to pay significant restitution in an effort to avoid imprisonment.[12] We explained that when Dickey entered the contract with the state, he

> knew that he would be required to pay $100,000 of restitution by August 15, 2001. Dickey also knew, better than the assistant district attorney and the trial judge, whether he had the ability to make this payment. If Dickey had any doubt concerning his ability to make the payment, he should have informed the other parties before everyone agreed to the terms. There is no evidence that he did so. Dickey's silence, when he should have spoken, and his ultimate breach, make him culpable. He was not without fault.[13]

Thus, the trial court was allowed to sentence him to imprisonment in accordance with the plea agreement because he "secure[d] his

---

[5] Supra.

[6] 257 Ga. App. 190 (570 SE2d 634) (2002).

[7] Supra.

[8] Supra.

[9] Id. at 190-191.

[10] Id. at 191.

[11] Id. at 191 (1).

[12] Id. at 192 (1).

[13] (Footnote omitted.) Id.

freedom by negotiating an agreement that require[d] restitution."[14] Therefore, because *Dickey*[15] involves the failure to pay monies in accordance with a negotiated restitution provision, we find it inapposite here.

In the instant case, as in *Bearden*,[16] although Johnson entered a negotiated plea, he was sentenced to general fines, costs, and fees. Thus, in order to revoke his probation based solely on the failure to pay these costs, the trial court was required to make a finding as to Johnson's wilfulness, and if it concluded that Johnson was not at fault, it was required to consider other punishment alternatives, which it did not do.[17] Therefore, we reverse the revocation of probation and remand this case to the trial court for further proceedings consistent with the law.

*Judgment reversed and case remanded. Smith, P. J., and Adams, J., concur.*

DECIDED JANUARY 19, 2011.

*Cook & Connelly, Andrea H. Strawn*, for appellant.
*Herbert E. Franklin, Jr., District Attorney, Kevin J. Baugh, Assistant District Attorney*, for appellee.

---

[14] (Footnote omitted.) Id. at 193 (1).

[15] Id.

[16] Supra.

[17] See *Reid v. State*, 204 Ga. App. 358, 362 (4) (419 SE2d 321) (1992) (a *Bearden* hearing is required if probation is about to be revoked for failure to pay a fine). Compare *Cannon v. State*, 260 Ga. App. 15, 16-17 (579 SE2d 60) (2003) (no inquiry as to wilfulness required where the defendant admitted that he violated the restitution condition but promised to pay the next month, which necessarily admitted wilfulness).