A11A1485. ODOM v. THE STATE.

(718 SE2d 329)

DOYLE, Judge.

This Court granted Ronnie David Odom's application for discretionary review of the revocation of his probation. Odom contends that the trial court erred by revoking his probation for failure to pay court-ordered restitution without correctly inquiring into whether Odom's failure to pay was willful.[1] For the reasons that follow, we affirm.

Odom entered a negotiated plea to felony theft by taking[2] of $44,200 on April 1, 1999, pursuant to the First Offender Act[3] without an adjudication of guilt. Odom was sentenced as a first offender to serve ten years, three months of which he was ordered to serve in confinement with the remainder to be served on probation. Additionally, Odom was required to pay restitution of $44,794 in addition to fines and costs. As a result of a number of tolling orders, Odom's probation was set to end on February 3, 2011. The State filed its "petition for adjudication of guilt and imposition of sentence in first offender case" on January 26, 2011, in which it alleged that Odom violated the terms of his probation by failing to report on July 27, 2010, or any day thereafter with his probation officer.

A hearing was held at which Odom's probation officer testified

---

[1] We note that

[Odom] fails to set out his enumerations of errors as part two of his brief as required by Court of Appeals Rule 22 (a). Neither are [Odom's] enumerations of errors clearly set out within the brief he filed. However, even though [Odom] fails to enumerate clearly the errors he seeks to have reviewed, we are mindful of the duties of this Court as set out in *Felix v. State* to consider the appeal where it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing what errors are sought to be asserted upon appeal.

(Punctuation omitted.) *Phillips v. State*, 267 Ga. App. 733 (601 SE2d 147) (2004), quoting *Felix v. State*, 271 Ga. 534 (523 SE2d 1) (1999).

[2] OCGA § 16-8-2.

[3] OCGA § 42-8-60 et seq.

that her last contact with Odom was in May 2010, that she told him she was going on leave, that she directed him to contact her supervisor via phone during her leave, that he did not contact her supervisor as instructed, and that Odom's phone number was disconnected shortly before the warrant was issued for his arrest. Odom was arrested on January 9, 2011, pursuant to a warrant for his arrest for violations of his probation. Odom testified that he called the supervisor but was unable to speak to anyone; that he talked to his probation officer in August 2010; and that he did not attempt to make contact with the probation office between August 2010 and the date of his arrest, January 9, 2011, because he was waiting on probation to obtain a court date for him. Regarding the payment of restitution, there was evidence that Odom had paid $11,783.07, but still owed $35,408.96; that Odom had not made a payment since 2007; and that Odom had not worked for three years during that time partially because of arrests for probation violations. Odom testified that he made efforts to find work in his field, including researching on the Internet and talking to friends for referrals. The record includes an affidavit of indigence for Odom.

The trial court inquired as to Odom's fitness to work and concluded that Odom had no valid reason for not paying restitution. The trial court explained that Odom could have looked for jobs beneath his skill level, like "digging ditches, flipping hamburgers[,] or doing whatever" to make payments toward restitution. The court also noted that Odom's first arrest for violating his probation did not occur until January 2009, and that he made no payments between 2007 and 2009.

The trial court found Odom guilty of violating the conditions of his probation by failing to pay restitution and by failing to report. The court adjudicated Odom guilty and resentenced him "above and beyond" the original sentence to ten years probation, with the special condition that probation would be terminated early in the event that Odom paid the remainder of the restitution owed. Odom received credit for the restitution paid and for time served on probation.

> A court may not revoke any part of any probated or suspended sentence unless the evidence produced at the revocation hearing establishes by a preponderance of the evidence the violation or violations alleged. This [C]ourt will not interfere with a revocation unless there has been a manifest abuse of discretion on the part of the trial court. Accordingly, if admissible evidence is presented in support

of the allegations regarding revocation of probation, this [C]ourt will affirm.[4]

Odom contends that the trial court erred by revoking his probation for failure to pay restitution without meeting the requirements of *Johnson v. State*[5] and *Bearden v. Georgia*.[6] We disagree and discern no abuse of discretion on the part of the trial court. In this case, the State's petition for adjudication of guilt and imposition of sentence alleged that Odom failed to report to his probation officer and failed to pay restitution, and the State presented evidence to support its contention in the form of testimony by Odom's probation officer. Pursuant to *Bearden*,

> in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority.[7]

Although the trial court may not have used the precise language that Odom had failed to make "sufficient bona fide efforts legally to acquire the resources to pay"[8] his restitution, the trial court considered Odom's testimony regarding his failure to secure employment over the course of his probation, and the court determined that those efforts were not sufficient and were not valid reasons for failing to pay restitution.[9]

*Judgment affirmed. Ellington, C. J., and Miller, P. J., concur.*

DECIDED NOVEMBER 4, 2011.

*Larry L. Duttweiler,* for appellant.
*Lee Darragh, District Attorney, Wanda L. Vance, Assistant District*

---

[4] (Citation and punctuation omitted.) *Griffin v. State*, 302 Ga. App. 807, 807-808 (692 SE2d 7) (2010).

[5] 307 Ga. App. 570 (707 SE2d 373) (2011).

[6] 461 U. S. 660 (103 SC 2064, 76 LE2d 221) (1983).

[7] *Bearden*, 461 U. S. at 672 (II).

[8] Id.

[9] Compare *Johnson*, 307 Ga. App. at 573.

*Attorney, Hulsey, Oliver & Mahar, Vanessa E. Sykes*, for appellee.