A11A2083, A11A2084, A11A2085. GRAY v. THE STATE
(three cases).
(722 SE2d 98)

SMITH, Presiding Judge.

We granted the application for discretionary appeal in these three related cases to review the evidence supporting the trial court's decision to revoke Roy Gray, Jr.'s probation. Because the evidence did not support the trial court's judgments, even under the more lenient standard applicable to a probation revocation, we reverse.

In 2007, Gray pled guilty to three separate indictments for two counts of robbery by sudden snatching, entering an automobile, and financial transaction card fraud and was sentenced to a term of probation in all three. In 2010, the State filed petitions to revoke his probation in all three cases, alleging that he had possessed marijuana with intent to distribute and had failed to complete a day center program. Gray contested the petition, asserting that he did not possess the marijuana and that he did not intentionally fail to complete the program but was involuntarily removed upon his arrest.

The evidence presented at the hearing showed that in 2010, a narcotics officer conducted a controlled purchase of marijuana and cocaine at a trailer in Tifton. The following day, a team of officers served a no-knock search warrant on the property. The front door was open, and Gray was sitting in a chair "just in front of the door." When questioned, Gray told the officers that he did not live there, that he had come to retrieve his video game console from the occupants because they had been evicted, and that he was waiting for them to return from moving some of the contents of the trailer. During the search of the trailer, officers found a black bag inside a bedroom closet, and inside that bag a sandwich bag containing 1.9 ounces of marijuana. In the kitchen, officers found a bag with suspected marijuana residue, scales, and razor blades on the counter, and a bullet-proof vest was discovered in the living room.

The officer acknowledged that he did not know who owned or rented the trailer, that he had no information that Gray owned or

leased the trailer, and that a different individual had sold the drugs the day before. The confidential informant involved in the controlled purchase did not identify Gray as having possessed or sold any drugs. The officer did not find any bills, paycheck stubs, or any other paperwork connecting Gray with the trailer. The officer also knew that Gray's mother lived two doors down in the same trailer park, although he did not know if Gray lived with his mother and knew only that he lived in the trailer park. Ultimately, he acknowledged that the only evidence that Gray possessed the marijuana was his presence at the trailer and that "he had property at the house."

The court found that a preponderance of the evidence showed that Gray had violated his probation by possessing marijuana and failing to complete the drug program and revoked three years of his probation.

> A court may not revoke any part of any probated or suspended sentence unless the evidence produced at the revocation hearing establishes by a preponderance of the evidence the violation or violations alleged. OCGA § 42-8-34.1 (b). This court will not interfere with a revocation unless there has been a manifest abuse of discretion on the part of the trial court.

(Citations, punctuation and footnote omitted.) *Scott v. State*, 305 Ga. App. 596 (699 SE2d 894) (2010).

1. Gray contends that the trial court erred in revoking his probation because the State failed to show by a preponderance of the evidence that he possessed marijuana with intent to distribute. When the State presents no evidence that the probationer was in actual possession of contraband, it must show constructive possession. Id. at 598. Moreover, "when the State's constructive possession case is based wholly on circumstantial evidence, the law requires that the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." (Citation and punctuation omitted.) Id.

"A finding of constructive possession of contraband cannot rest upon mere spatial proximity to the contraband, especially where, as here, the contraband is hidden. [Cits.]" *Mitchell v. State*, 268 Ga. 592, 593 (492 SE2d 204) (1997). And "[e]vidence merely showing that contraband was found in a residence occupied by the defendant is not sufficient to support a conviction, especially where other persons had equal access to the contraband and therefore an equal opportunity to commit the offense." (Citation and footnote omitted.) *Johnson v. State*, 282 Ga. App. 52, 54 (1) (637 SE2d 775) (2006). The

same rule applies in a probation revocation. See *Brown v. State*, 294 Ga. App. 1, 5-6 (2) (668 SE2d 490) (2008) (evidence that probationer sitting outside house and cocaine visible through glass storm door slight evidence of possession but not preponderance sufficient to revoke probation); *Anderson v. State*, 212 Ga. App. 329, 329-330 (442 SE2d 268) (1994) (defendant's presence in mother's house when drugs found in her bedroom slight evidence of possession but not preponderance).

Here, the State showed only that Gray was at the open front door of a trailer and that a sandwich bag of marijuana was found in a closed container inside a closet in a bedroom. The evidence showed that other individuals had access to the trailer, including a man who sold drugs to the confidential informant. While the State contends that Gray's "claimed ownership of some of the personal property found at the residence" supports a finding of constructive possession, under the evidence presented here, that claim did not demonstrate Gray's residence at the trailer to the exclusion of any other reasonable hypothesis.

Ordinarily, property supporting an inference of residence for the purposes of constructive possession consists of clothing, banking or business records, or other personal items customarily kept in one's living quarters. See, e.g., *Cox v. State*, 300 Ga. App. 109, 110 (684 SE2d 147) (2009) (bedroom night stand contained many items with defendant's name on them, including paperwork, insurance documents and several picture identification cards); *Aguey-Zinsou v. State*, 296 Ga. App. 319, 324 (2) (674 SE2d 366) (2009) (bank statement, bill, and envelope all bearing appellant's name and address found in bedroom at that address); *McWhorter v. State*, 275 Ga. App. 624, 626 (1) (621 SE2d 571) (2005) (personal items found in bedroom with methamphetamine manufacturing equipment included prescription bottle, notebook, letters, and handgun); *Daniels v. State*, 192 Ga. App. 446 (1) (385 SE2d 107) (1989) (men's clothing as well as business records and cancelled checks of two businesses owned by appellant found in apartment leased to appellant's girlfriend).

A video game console, while possibly "worth a great deal of amount of money" as the State contended, is not, without more, a personal item of this kind. Compare *Glass v. State*, 304 Ga. App. 414, 419 (3) (696 SE2d 140) (2010) (constructive possession shown when defendant had key to hotel room, acted suspiciously upon seeing police, and claimed clothing and video game system found in room with large quantity of drugs in open view). The evidence here does not exclude the reasonable hypothesis that Gray had loaned the video game console to the occupants of the trailer, had learned of their eviction, and was waiting for their return so that he could

retrieve his property.

2. With respect to the assertion that Gray violated his probation by failing to attend the reporting center, his attorney correctly noted that there was no intentional act on his part because he was involuntarily removed from the program as a result of his arrest and that he had no "opportunity to address the arrest until his revocation hearing." A violation of the conditions of probation generally requires some voluntary act on the part of the probationer. See, e.g., *Wade v. State*, 152 Ga. App. 529, 530 (2) (263 SE2d 268) (1979) (affirming revocation when record "amply support[ed] the trial court's finding that appellant was in 'willful and voluntary' violation of his probation without 'any justifiable reason or excuse' therefor."). See also *Burson v. State*, 161 Ga. App. 107, 109 (2) (289 SE2d 254) (1982) (affirming revocation of probation when appellant was discharged from a drug treatment program for refusing to cooperate in treatment; "appellant was, *because of his own actions* and without authority from his probation officer, no longer enrolled in that treatment program he had been directed to attend and complete as the condition for his probated sentence[ ]." (Emphasis supplied.))[1]

As we note in Division 1, above, the evidence was insufficient to show that Gray committed the offense for which he was arrested. It follows that "his own actions" did not cause him to be dismissed from the drug treatment program, and he therefore was not in "willful and voluntary" violation of his probation. In *Oliver v. State,* 305 Ga. App. 779 (1) (700 SE2d 861) (2010), by contrast, the trial court did not abuse its discretion in finding that Oliver violated the terms of his suspended sentence by failing to complete a residential drug treatment program, from which he was discharged because of his arrest for motor vehicle theft and battery. Id. But the trial court also found by a preponderance of the evidence that Oliver committed the crimes for which he was arrested, and this court affirmed. Id. at 780 (2). Oliver's violation of the terms of the suspended sentence therefore was a result of his voluntary and wilful commission of the crimes.

Here, in contrast, the circumstantial evidence was insufficient under a preponderance of the evidence standard to exclude every other reasonable hypothesis save that of guilt. The evidence was

---

[1] A finding of wilfulness is also required when the probationer has allegedly violated probation by non-payment of a fine. See *Massey v. Meadows*, 253 Ga. 389, 390 (321 SE2d 703) (1984) ("a defendant's probation may not be revoked or withheld because of his failure to pay the fine without a showing of wilfulness on his part or inadequacy of alternative punishments"); *Johnson v. State*, 307 Ga. App. 570, 571-572 (707 SE2d 373) (2011) (revocation of probation reversed for abuse of discretion when trial court made no findings as to reasons for probationer's failure to pay or the inadequacy of alternative punishments).

therefore insufficient to support a finding that Gray committed the offenses charged, and it was insufficient to find that his discharge from the day center program was the result of any voluntary or wilful conduct on his part. The trial court therefore manifestly abused its discretion by revoking Gray's probation.

*Judgments reversed. Mikell, C. J., and Dillard, J., concur.*

DECIDED DECEMBER 29, 2011.

*Timothy W. Hoffman*, for appellant.

*C. Paul Bowden, District Attorney, Mary M. Simms, Kevin E. Hutto, Assistant District Attorneys*, for appellee.