## A11A2052. JONES v. THE STATE.

### (724 SE2d 454)

DOYLE, Presiding Judge.

This appeal arises from the trial court's revocation of Marlos Jones's probation for violation of the terms thereof. Jones filed an application for discretionary appeal, which this Court granted in order to review whether the trial court was authorized to revoke the balance of Jones's probation.[1] For the reasons that follow, we reverse.

The record reveals that Jones pleaded guilty to one count of felony cruelty to children[2] and was sentenced to ten years probation with sex offender conditions on February 16, 2006. Jones violated the provision of his probation requiring him to "Report to the Probation Officer and permit the Probation Officer to visit [him] at home or elsewhere." In the revocation petition, the Georgia Department of Corrections, Probation Division ("the Department") recommended a six-month revocation of Jones's probation based on the violation.

At the March 15, 2011 revocation hearing, probation officer Jaimie Moody testified that Jones had been in jail for six months for a previous probation revocation, and upon release on January 21, 2011, Jones was ordered to report to the Carroll County probation office within 48 hours. Although Jones initially reported at that time, he was given an appointment to meet with Moody on January 24 at 9:00 a.m., which appointment he failed to keep. Moody was unaware of any report to the probation office by Jones after he failed to make the January 24 appointment. The office issued a warrant for Jones's arrest on February 1, 2011, and Jones turned himself in after learning of the warrant.

At the conclusion of the hearing, the trial court determined that Jones had failed to comply with special conditions of his probation, namely that he register as a sex offender. Based on that finding, the

---

[1] The State failed to file a response to the application and also failed to file a response brief when Jones's application was granted. Thereafter, this Court issued an order directing the State to file a response brief within ten days of the order, which District Attorney Peter J. Skandalakis and his assistant attorneys failed to file. Pursuant to Court of Appeals Rule 23 (b), "[a] brief shall be filed by the appellee in all criminal appeals when the State is the appellee; and upon failure to file such brief, the State's representative may be subject to contempt." We caution the District Attorney and his representatives that failure to comply with a Rule or Order of this Court can result in dismissal of an appeal, imposition of a fine up to $2,500, or revocation of the license to practice before this Court. See Court of Appeals Rule 7.

[2] OCGA § 16-5-70 (b).

trial court revoked the balance of Jones's probation, which amounted to four years, eleven months, and one day, and directed that he serve that time in the state penal system.

This Court granted Jones's application for discretionary appeal to determine whether the trial court erred by revoking the balance of Jones's probation. Jones timely appealed, and he argues that the trial court's revocation order was erroneous because the State did not petition for modification based on any failure on Jones's part to meet any requirements that he register as a sex offender, which was the reason his probation was revoked by the trial court.

> Due process requires that a defendant be given written notice of the claimed violation of his probation prior to [a probation] revocation hearing. In addition, in order to revoke the probationary features of a sentence the defendant must have notice and opportunity to be heard, the notice being sufficient to inform him not only of the time and place of the hearing and the fact that revocation is sought, but the grounds upon which it is based. It may not be revoked where there is no evidence that the defendant violated its terms in the manner charged in the notice, even though there be evidence at the hearing that the defendant violated the terms of probation in some other manner as to which there was no notice given. Likewise, if a judgment is based upon an offense not charged in the petition for revocation, it must be reversed.[3]

The Department's petition for revocation of probation contained no allegation that Jones had failed to register as a sex offender, and the trial court therefore erred by revoking Jones's probation on that basis.

*Judgment reversed. Ellington, C. J., and Miller, J., concur.*

DECIDED FEBRUARY 29, 2012.

*John W. Howe*, for appellant.
*Peter J. Skandalakis, District Attorney*, for appellee.

---

[3] (Citations and punctuation omitted.) *Kitchens v. State*, 234 Ga. App. 785, 787-788 (2) (508 SE2d 176) (1998).