**FOURTH DIVISION**
**DILLARD, P. J.,**
**RAY and SELF, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**April 19, 2017**

# In the Court of Appeals of Georgia

A17A0495. PONDER v. THE STATE.

DILLARD, Presiding Judge.

In this discretionary appeal, Elliott Ponder challenges the revocation of his probation, contending that the trial court erred in revoking his probation on a basis that was not alleged in the State's revocation petition and in ordering him to serve the revoked part of his sentence in the State Penal System. For the reasons set forth *infra*, we agree that the trial court erred, and thus, we reverse its order revoking Ponder's probation and remand the case for further proceedings.

The record shows that on July 8, 2015, Ponder pleaded guilty to the offense of directing terroristic threats towards a woman with whom he formerly had a relationship, and the trial court imposed a five-year sentence to be served on probation. In early March 2016, the State obtained a warrant for Ponder's arrest on a charge of misdemeanor stalking. Then, on March 24, 2016, the State filed a petition

to revoke Ponder's probation on the ground that he had committed a new offense of misdemeanor stalking.

On May 26, 2016, the trial court conducted a hearing on the matter, during which Ponder indicated that he would stipulate to the facts supporting the offense of misdemeanor stalking but that, under these facts, the court was not authorized to order any part of his revoked sentence to be served in a State penitentiary. In response, the State informed the court that after it filed the revocation petition, it had also charged Ponder, via indictment, with aggravated stalking. Upon being so informed, the court noted that the revocation petition did not allege *aggravated* stalking. Nevertheless, the trial court issued an order revoking Ponder's probation on the ground that he committed a new *felony* offense and requiring him to serve two years in the State Penal System.

Subsequently, Ponder filed an application for discretionary appeal with this Court, arguing that the trial court erred in revoking his probation on grounds not alleged in the revocation petition. One week later, the State filed a motion in the trial court, requesting that the court correct its error of revoking Ponder's probation based on a new felony offense. Ponder filed a reply, arguing that his previously filed

2

application acted as a supersedeas and, thus, deprived the trial court of jurisdiction.[1]

Thereafter, we granted Ponder's application for discretionary appeal.

At the outset, we note that under OCGA § 42-8-34.1 (b), "[a] court may not revoke any part of any probated or suspended sentence unless the defendant admits the violation as alleged or unless the evidence produced at the revocation hearing establishes by a preponderance of the evidence the violation or violations alleged." And generally, this Court will not interfere with a revocation "unless there has been a manifest abuse of discretion on the part of the trial court."[2] Nevertheless, we review questions of law *de novo*.[3] With these guiding principles in mind, we turn now to Ponder's specific claims of error.

---

[1] *See Bryson v. State*, 228 Ga. App. 84, 85 (1) (491 SE2d 184) (1997) (holding that under OCGA § 5-6-35 (h), "the filing of that application acted as a supersedeas to the same extent as a notice of appeal," and thus, "the trial court was divested of jurisdiction to enter an order altering or amending the original revocation order which defendant sought to appeal").

[2] *Dillard v. State*, 319 Ga. App. 299, 299 (735 SE2d 297) (2012) (punctuation omitted); *accord Gray v. State*, 313 Ga. App. 470, 471 (722 SE2d 98) (2011); *Scott v. State*, 305 Ga. App. 596, 596 (699 SE2d 894) (2010).

[3] *See Dillard*, 319 Ga. App. at 299; *accord White v. State*, 274 Ga. App. 805, 805 (619 SE2d 333) (2005).

1. Ponder first contends that the trial court erred in revoking his probation on the ground that he committed the felony of aggravated stalking when the State's petition sought revocation solely on the ground that he committed the offense of misdemeanor stalking. We agree, and therefore, reverse the trial court's order revoking Ponder's probation.

This Court has previously held that "[d]ue process requires that a defendant be given written notice of the claimed violation of his probation prior to a probation revocation hearing."[4] Consequently, in order to revoke the probationary features of a sentence the defendant "must have notice and opportunity to be heard, the notice being sufficient to inform him not only of the time and place of the hearing and the fact that revocation is sought, but the grounds upon which it is based."[5] In addition, a defendant's probation may not be revoked when "there is no evidence that the defendant violated its terms in the manner charged in the notice, even though there be evidence at the hearing that the defendant violated the terms of probation in some

---

[4] *Jones v. State*, 314 Ga. App. 442, 443 (724 SE2d 454) (2012) (punctuation omitted); *accord Dillard*, 319 Ga. App. at 300; *Kitchens v. State*, 234 Ga. App. 785, 787 (2) (508 SE2d 176) (1998).

[5] *Jones*, 314 Ga. App. at 443 (punctuation omitted); *accord Kitchens*, 234 Ga. App. at 787 (2).

other manner as to which there was no notice given."[6] Thus, if a judgment is "based upon an offense not charged in the petition for revocation, it must be reversed."[7]

In this matter, as previously noted, the State's petition to revoke Ponder's probation sought to do so on the ground that he committed a new offense of *misdemeanor* stalking. But the trial court's order provided that it was revoking Ponder's probation on the ground that he committed a new *felony* offense—presumably the offense of aggravated stalking mentioned by the State during the revocation hearing. Given these particular circumstances, the trial court revoked Ponder's probation on a basis that was not alleged in the State's petition, and in doing so, it erred.[8] Accordingly, we reverse the trial court's order.

---

[6] *Jones*, 314 Ga. App. at 443 (punctuation omitted); *accord Kitchens*, 234 Ga. App. at 787-88 (2).

[7] *Jones*, 314 Ga. App. at 443 (punctuation omitted); *accord Kitchens*, 234 Ga. App. at 788 (2).

[8] *See Jones*, 314 Ga. App. at 443 (holding that defendant's probation could not be revoked based on violation of probation condition that he register as sex offender, when revocation petition was based solely on violation of condition that he report to probation officer and permit officer to visit him elsewhere); *Kitchens*, 234 Ga. App. at 788 (2) (holding that the State's petition, which alleged only the misdemeanor offense of battery, did not constitute sufficient notice to defendant so as to permit the trial court to revoke his probation on the ground of attempted rape).

2. Ponder also contends that the trial court erred in ordering him to serve the revoked part of his sentence in the State Penal System, arguing that, in doing so, the court violated OCGA § 17-10-1 (a) (3) (A), which provides:

> Any part of a sentence of probation revoked for a violation other than a subsequent commission of any felony, a violation of a special condition, or a misdemeanor offense involving physical violence resulting in bodily injury to an innocent victim which in the opinion of the trial court constitutes a danger to the community or a serious infraction occurring while the defendant is assigned to an alternative probation confinement facility shall be served in a probation detention center, probation boot camp, weekend lock up, or confinement in a local jail or detention facility, or other community correctional alternatives available to the court or provided by the Department of Corrections.

And here, the State presented no *evidence* during the probation revocation hearing that Ponder committed a new felony or a misdemeanor involving physical violence. But regardless, because we have held that the trial court committed reversible error in revoking the probation on a ground not alleged in the State's petition, any sentence based on such error is also necessarily reversed.

For these reasons, we reverse the trial court's order revoking Ponder's probation and remand this case to the trial court for further proceedings consistent with this opinion.

*Judgment reversed and case remanded. Ray and Self, JJ., concur.*