**FOURTH DIVISION**
**MCFADDEN, P. J.,**
**WATKINS and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be
physically received in our clerk's office within ten
days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**MARCH 27, 2026**

# In the Court of Appeals of Georgia

A26A0234. BROCK v. THE STATE.

PADGETT, Judge.

In January 2024, Norman Brock entered a non-negotiated *Alford*[1] plea to sexual battery against a child under the age of sixteen, and received a five-year probated sentence under the First Offender Act, OCGA § 42-8-60. In June 2025, Brock was alleged to have violated the conditions of his probation by committing the offense of possession of a firearm by a convicted felon. Following a hearing, the trial

---

[1] See *North Carolina v. Alford*, 400 US 25, 38 (91 SCt 160, 27 LE2d 162) (1970) (holding that a trial court can accept a guilty plea when there is a strong factual basis for the plea and the defendant clearly expresses a desire to enter it despite the defendant's claims of innocence).

court found that Brock committed the offense as alleged in the petition,[2] adjudicated him guilty of his original offense, and revoked the balance of Brock's probation to be served in confinement.

We granted Brock's application for discretionary appeal, and Brock now appeals, arguing that he was denied due process because of a "fatal variance" between the offense the State alleged and the evidence adduced at the probation revocation hearing. More specifically, Brock argues that the trial court committed reversible error because, while the State charged him with possession of a firearm by a convicted felon, it presented no evidence that he was a convicted felon at the time the handgun was found in his home. We agree, as does the State.[3]

Under OCGA § 42-8-34.1(b), "[a] court may not revoke any part of any probated . . . sentence unless the defendant admits the violation as alleged or unless the evidence produced at the revocation hearing establishes by a preponderance of the evidence the violation . . . alleged." And generally, this Court will not interfere with a revocation "unless there has been a manifest abuse of discretion on the part of

---

[2] Probation officers testified that during a search of Brock's home, a handgun was found in his nightstand drawer.

[3] In its appellee brief, the State "concedes that the law . . . supports" Brock's contention. We acknowledge and appreciate the State's candor and fidelity to the law.

2

the trial court." *Dillard v. State*, 319 Ga. App. 299, 299 (735 SE2d 297) (2012) (citation modified). However, due process requires that

> a defendant be given written notice of the claimed violation of his probation prior to a probation revocation hearing. In addition, in order to revoke the probationary features of a sentence the defendant must have notice and opportunity to be heard, the notice being sufficient to inform him not only of . . . the fact that revocation is sought, but the grounds upon which it is based. It may not be revoked where there is no evidence that the defendant violated its terms in the manner charged in the notice, even though there be evidence at the hearing that the defendant violated the terms of probation in some other manner as to which there was no notice given. Likewise, if a judgment is based upon an offense not charged in the petition for revocation, it must be reversed.

Id. at 300 (quotation marks omitted).

Here, Brock was not a convicted felon when probation officers discovered his possession of a firearm, and he was not charged with possession as a first-offender. As such, the trial court's revocation of his probation based on the commission of the offense of possession of a firearm by a convicted felon was erroneous. See *Ponder v. State*, 341 Ga. App. 276, 278(1) (800 SE2d 19) (2017) (holding the trial court committed reversible error in revoking probation on ground not alleged in the State's petition); *Williams v. State*, 238 Ga. App. 310, 311 (520 SE2d 466) (1999) (reversing trial court's revocation based on charge of possession of a firearm by a first offender

3

where evidence showed defendant was no longer a first offender, but a convicted felon; "[t]o permit the prosecution to prove that a crime was committed in a wholly different manner than that specifically alleged in the indictment would subject the accused to unfair surprise . . . and constitute a fatal variance" (citation modified)).

Accordingly, we reverse the trial court's order revoking Brock's probation and remand the case for further proceedings consistent with this opinion. See *Ponder*, 341 Ga. App. at 279(2).

*Judgment reversed and case remanded. McFadden, P. J., and Watkins, J., concur.*