## A10A1711. SCOTT v. THE STATE.
### (699 SE2d 894)

BLACKBURN, Senior Appellate Judge.

In this discretionary appeal, Damon Scott challenges the revocation of his probation, contending that the evidence was insufficient to support the trial court's finding that he committed the new felony of possessing a controlled substance[1] (piperazine or TFMPP[2]). For the reasons set forth below, we reverse the trial court's order revoking Scott's probation.

"A court may not revoke any part of any probated or suspended sentence . . . unless the evidence produced at the revocation hearing establishes by a preponderance of the evidence the violation or violations alleged." OCGA § 42-8-34.1 (b). "This court will not interfere with a revocation unless there has been a manifest abuse of discretion on the part of the trial court." (Punctuation omitted.) *Mullens v. State.*[3]

Viewed in this light, the record shows that on May 13, 1997, Scott pled guilty to armed robbery and theft by receiving stolen property. As a result of that plea, he received a twenty-year sentence,

---

[1] OCGA § 16-13-30 (a).
[2] OCGA § 16-13-25 (8).
[3] *Mullens v. State*, 289 Ga. App. 872, 872 (658 SE2d 421) (2008).

with ten years to be served in confinement and the remainder to be served on probation. On the night of June 26, 2009, Scott was a passenger in a truck that was owned and being driven by Chance Gaines, when a police officer stopped the truck for failure to maintain its lane. Upon seeing the blue lights of the officer's vehicle, Gaines pulled over into the parking lot of a bar, which had been his and Scott's intended destination. After conducting field sobriety tests on Gaines, the officer determined that he was not impaired. Nevertheless, because Gaines appeared nervous, the officer sought and received Gaines's consent to search the truck.

Before searching the truck, the officer searched Gaines but found nothing. While the officer searched Gaines, Scott asked for permission to use the bathroom. The officer denied permission and asked Scott if he could search him as well. Scott consented to a search, and the officer again found nothing. The officer then searched Gaines's truck and, in the center console, found several empty Pall Mall cigarette packs. Within one of the packs, the officer discovered two TFMPP pills.

The officer detained both men, placing Gaines in the rear passenger-side seat of his patrol car and placing Scott in the rear seat of another officer's patrol car. Scott denied any knowledge of the drugs. However, Gaines claimed that the pills belonged to another individual, who was inside the bar. With Scott and Gaines both handcuffed and sitting in separate patrol cars, the officer performed a more thorough search of the truck but found no additional drugs. The officer then went into the bar to search the individual who Gaines had alleged owned the drugs but again found nothing. Subsequently, the officer moved Scott into his patrol car, placing him in the rear driver-side seat, and transported both Scott and Gaines to jail. At the jail, while Scott's personal possessions were being inventoried, the officer noticed that Scott had a pack of Camel cigarettes in his pocket. After both men were booked, the officer searched his patrol car and found two more TFMPP pills, which had been stuffed into the seat cushions on the driver's side. Pursuant to standard procedures, before beginning his shift, the officer had searched his vehicle to ensure that it was free of contraband.

The State filed a petition for revocation of Scott's probation, alleging that Scott had violated the terms of his probation by possessing a controlled substance, by failing to report to his probation officer, and by failing to pay a court-ordered fine.[4] The trial court held a hearing, after which it found that no evidence showed that Scott had failed to report to his probation officer but that Scott had

---

[4] The allegation that Scott was in arrears on the payment of the court-ordered fine was ultimately dropped.

violated the terms of his probation by possessing TFMPP. Scott applied for a discretionary appeal, which we granted. This appeal followed.

In his sole enumeration of error, Scott contends that the evidence did not support the trial court's finding that he possessed a controlled substance. Specifically, he argues that the State failed to show by a preponderance of the evidence that he had constructive possession of the TFMPP pills found in Gaines's truck or the officer's patrol vehicle. We agree.

Where, as here, there is no evidence that the defendant was in actual possession of contraband, the State must present evidence showing the defendant's constructive possession. See *Kier v. State*.[5] A passenger's presence in a vehicle where drugs are found does not, by itself, show that the drugs were his. See *Mitchell v. State*.[6] Rather, "[t]o prove constructive possession, the State was required to show some connection between [Scott] and the [drugs] other than spatial proximity." *Kier*, supra, 292 Ga. App. at 209 (1). In fact, the State was required to show that Scott

> knowingly had both the power and intention at a given time to exercise control over the [drugs]. Power may be inferred from access to the drugs, while the matter of intent may be derived from the surrounding circumstances. Circumstances showing an intent to exercise control over the drugs include a defendant's attempts to flee or elude police; inconsistent explanations by the defendant for her behavior; the presence of significant amounts of contraband and drug paraphernalia in plain view; the defendant's possession of large amounts of cash, other indicia of the sale of drugs, or drug-related paraphernalia; evidence that the defendant was under the influence of drugs; or drug residue found on the defendant.

(Citation and punctuation omitted.) Id. at 209-210 (1). Furthermore,

> when the State's constructive possession case is based wholly on circumstantial evidence, the law requires that the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.

(Punctuation omitted.) Id. at 210 (1).

---

[5] *Kier v. State*, 292 Ga. App. 208, 209 (1) (663 SE2d 832) (2008).
[6] *Mitchell v. State*, 268 Ga. 592, 593 (492 SE2d 204) (1997).

Although the State's burden of proof is lower in a probation revocation case, a probationer's mere presence in the area where drugs are found will not justify a revocation based on possession of drugs, even under the more relaxed preponderance of the evidence standard. See *Brown v. State*[7] (reversing probation revocation based on drug trafficking where evidence only showed that defendant was at a house where drugs were found and that he fled as police approached); *Anderson v. State*[8] (reversing probation revocation based on possession of cocaine with intent to distribute where evidence only showed that defendant was at his mother's house where drugs were found). See also *Gonzales v. State*[9] (reversing probation revocation based on theft by receiving where spatial proximity was the only evidence linking defendant to the stolen property).

In this matter, the circumstantial evidence was insufficient to show Scott's constructive possession of the TFMPP pills. When the officer asked permission to search Scott's person, Scott obliged and never attempted to flee the scene. No evidence was presented to show that an inordinate amount of cash was found on Scott, that he provided inconsistent statements to police about his behavior, or that he was under the influence of drugs. Indeed, the only evidence linking Scott to the drugs was spatial proximity. However, it is at least equally likely that the pills belonged to Gaines, the owner and driver of the truck. The first two pills that the officer discovered were found in Gaines's truck and were hidden within a pack of cigarettes, the brand of which was different from the cigarettes found on Scott's person. Although more pills were also found in the officer's patrol vehicle near where Scott had been seated while being transported to jail, the evidence also showed that Gaines had been placed in the same officer's patrol car before Scott. In fact, Gaines had been put in the officer's vehicle alone while the officer continued to search Gaines's truck and while the officer searched the individual in the bar, who Gaines had claimed owned the drugs. Thus, the evidence does not exclude the reasonable hypothesis that Gaines possessed the pills found in his own truck and that he hid the pills found in the patrol vehicle. Accordingly, the evidence was insufficient to support the trial court's finding that Scott violated his probation by committing the new felony of possession of TFMPP. See *Brown*, supra, 294 Ga. App. at 5-6 (2).

---

[7] *Brown v. State*, 294 Ga. App. 1, 5 (2) (668 SE2d 490) (2008).

[8] *Anderson v. State*, 212 Ga. App. 329, 329-330 (442 SE2d 268) (1994).

[9] *Gonzales v. State*, 276 Ga. App. 11, 13 (622 SE2d 401) (2005).

*Judgment reversed. Barnes, P. J., and Senior Appellate Judge Marion T. Pope, Jr., concur.*

DECIDED AUGUST 18, 2010.

*Jones, Morrison & Womack, Wallace C. Clayton II,* for appellant.
*Patrick H. Head, District Attorney, Marion T. Woodward, Amelia G. Pray, Assistant District Attorneys,* for appellee.