A10A2110. MARKS v. THE STATE.
(703 SE2d 379)

JOHNSON, Judge.

On November 30, 2009, Otis Marks pled guilty to two counts of aggravated stalking. The trial court sentenced Marks to a term of five years, with a one-year term of confinement reduced to time served, and the remainder to be served on probation. Several conditions were placed on Marks' probationary sentence, including that he have "no contact" with the victim. On April 16, 2010, the trial court found that Marks had violated several of the conditions, and it revoked two years of the probationary sentence. We granted Marks' application for discretionary review; and because insufficient evidence supported the revocation of Marks' probation, we reverse.

A court may not revoke any part of any probated or suspended sentence unless the defendant admits the violation as alleged or unless the evidence produced at the revocation hearing establishes by a preponderance of the evidence the violation or violations alleged.[1] This court will not interfere with a probation revocation unless a trial court has manifestly abused its discretion.[2]

Viewed in the light most favorable to upholding the trial court's findings,[3] the record shows that Marks' probationary sentence included conditions that, among other things, he (i) have "no contact" with his ex-wife, who was his stalking victim, (ii) "enter into and successfully complete" a domestic violence intervention program, and (iii) "perform a minimum of 96 hours, and up to a

---

[1] OCGA § 42-8-34.1 (b).
[2] See, e.g., *Scott v. State*, 305 Ga. App. 596 (699 SE2d 894) (2010).
[3] *Clark v. State*, 287 Ga. App. 176 (651 SE2d 106) (2007).

maximum of 132 hours, of community service as directed by the probation staff." The requirements related to the domestic violence intervention program and community service work were to be performed during a one-year period during which Marks was assigned to "Intensive Probation Supervision."

Marks began his probationary sentence on November 30, 2009, and a warrant was issued for his arrest on February 17, 2010 after his ex-wife reported that he had been harassing her. As of March 3, 2010, when Marks was arrested for violating the terms of his probationary sentence, he had not completed the domestic violence intervention program or any community service work.

We have held that service of probation is a privilege, and that while a person is on probation, "his private life and behavior may be regulated by the State to an extent that would be completely untenable under ordinary circumstances."[4] Nevertheless, the trial court has the authority to revoke a probationary sentence only when the defendant has violated rules and regulations prescribed by the court.[5] Moreover, the trial court has the obligation to make criminal sentences, including the terms of probation, "certain, definite and free from ambiguity, and the benefit of any doubt shall be given the accused."[6]

1. Marks first claims that insufficient evidence supported the trial court's finding that he had violated the terms of his probation by contacting his ex-wife. At the revocation hearing, Marks' ex-wife testified that Marks had not called or visited her, but rather that he had posted untrue statements about her on several websites.[7] Marks' ex-wife read the postings after conducting an internet search of her name. While the postings were made under the names of third parties, Marks' ex-wife contended that Marks had authored them because the language in the postings was similar or identical to language contained in the civil lawsuit that Marks had filed against her and because "[n]o one else . . . would have a reason to do that."

In determining whether Marks' posting of statements about his ex-wife on the internet constitutes "contact" with her, we note that we have previously found that the term " 'contact' is readily understood by people of ordinary intelligence as meaning 'to get in touch

---

[4] (Citation and punctuation omitted.) *Mullens v. State*, 289 Ga. App. 872, 873-874 (1) (658 SE2d 421) (2008).

[5] *Farmer v. State*, 216 Ga. App. 515, 520 (5) (a) (455 SE2d 297) (1995).

[6] Id.

[7] Marks' ex-wife also testified that Marks had e-mailed links to the website postings to several people associated with her employer, but these allegations were supported only by hearsay, which has no probative value in a probation revocation proceeding. See *Smith v. State*, 283 Ga. App. 317, 318 (641 SE2d 296) (2007).

with; communicate with[.]' "[8] While a probationary condition that forbids a defendant from "contacting" the victim may also be interpreted as proscribing "indirect contacts," such contacts must still be for the purpose of getting in touch with or communicating with the victim.[9] Here, no evidence was presented suggesting that Marks authored the web postings in order to get in touch with or communicate with his ex-wife. Instead, this case is more like *Collins v. Bazan*,[10] in which we found that a defendant's publication and discussions with third parties regarding his ex-girlfriend's private medical condition "obviously does not constitute . . . contacting that person." As a result, the evidence was insufficient to find that Marks violated the "no contact" condition of his probationary sentence.

2. Marks also claims that insufficient evidence supported the trial court's findings that he had violated the terms of his probation by failing to attend a domestic violence intervention program or completing any of his community service requirement. We agree.

The undisputed evidence showed that Marks was directed to report to his probation officer on February 18, 2010 to be assigned to an approved domestic violence intervention program. Marks reported on that date and was assigned to a program that began on March 25, 2010. However, when Marks reported to his probation officer on March 2, 2010, the officer told him that a warrant had been issued for his arrest, and Marks was arrested the following day.

In *Huff v. McLarty*,[11] the Supreme Court of Georgia considered whether a defendant's probation could be revoked for his failure to pay a fine that was one of the conditions of his probation. The Court held that "because the fine was not lawfully required to be paid by any certain date, the officials had no right [several months into the term of the probationary sentence] to revoke the probation for his alleged failure to comply with its terms."[12] Here, Marks' sentence required him to "enter into and successfully complete" a domestic violence intervention program. The sentence did not require Marks to complete the program by any specific date during the term of his "Intensive Probation Supervision." In fact, no evidence was presented that it was even possible for Marks to have completed such a program during the approximately three months that he served on

---

[8] (Citation and punctuation omitted.) *Wright v. State*, 232 Ga. App. 646, 647 (1) (502 SE2d 756) (1998).

[9] *Murden v. State*, 258 Ga. App. 585, 586 (1) (574 SE2d 657) (2002) (indirect contacts included going to the victim's workplace and asking for her and calling the victim's workplace and asking for her).

[10] 256 Ga. App. 164, 165 (2) (568 SE2d 72) (2002).

[11] 241 Ga. 442 (246 SE2d 302) (1978).

[12] (Punctuation omitted.) Id. at 447.

probation prior to being arrested for violating the terms of his probationary sentence.

Similarly, Marks' sentence required him to "perform a minimum of 96 hours, and up to a maximum of 132 hours, of community service as directed by the probation staff." No evidence was presented that Marks was ever directed to begin his community service on any specific date or at all. In fact, Marks presented uncontroverted evidence that he asked his probation officer about the community service requirement because he "d[id]n't want to get behind." Marks' probation officer told him that he would provide direction as to the community service requirement at their March 2, 2010 meeting. However, as set forth previously, Marks was informed at that meeting that a warrant had been issued for his arrest. Because this evidence was insufficient to render it more probable than not that Marks violated the terms of his probationary sentence, we must reverse.[13]

*Judgment reversed. Miller, C. J., and Phipps, P. J., concur.*

DECIDED NOVEMBER 16, 2010.

*Gerard B. Kleinrock*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Jill G. Polster, Assistant District Attorneys*, for appellee.

---

[13] See *Wright v. State*, 297 Ga. App. 813, 817 (678 SE2d 506) (2009).