## A11A0851. BOATNER v. THE STATE.
### (717 SE2d 727)

ANDREWS, Judge.

We granted Russell Boatner's application for discretionary review of the superior court's order revoking his probation. The court found that Boatner violated two conditions of his probation and also found that he committed the new felony of possession of a firearm by a convicted felon. Because we conclude that the evidence was insufficient to support the finding as to one of the probation violations and also insufficient to support the new felony charge, we reverse in part and remand this case to the trial court.

Viewed in the light most favorable to upholding the trial court's findings, *Marks v. State*, 306 Ga. App. 824 (703 SE2d 379) (2010), the record shows that in 2003, Boatner pled guilty to one count of possession of marijuana with intent to distribute (OCGA § 16-13-30), one count of possession of a firearm during the commission of a crime (OCGA § 16-11-106), and one count of possession of a firearm by a convicted felon (OCGA § 16-11-131). Boatner was sentenced to 15 years of probation. Among the general conditions of his probation were the requirements that Boatner not violate any laws, not receive, possess or transport any firearms, and avoid "persons . . . of disreputable or harmful character."

In 2010, Boatner's probation officer stated that he was informed by someone in "Parole" that Boatner was associating with a wanted parolee. This person asked for help in finding Boatner, saying that

Boatner had been seen driving around in a black truck with gold trim.

The probation officer and a law enforcement officer went to Boatner's mobile home to investigate. They knocked on the door and heard movement in the trailer and a child crying, but no one came to the door. Eventually, Boatner's wife came to the door followed by Boatner, carrying his infant daughter. Jeremy Allen, Boatner's brother-in-law who was the wanted parolee, was also in the trailer.

An officer testified that they found a loaded rifle outside the front porch railing of Boatner's trailer. No one admitted to owning the rifle, and no ammunition for the rifle was found in the trailer. A truck on the property was searched, and officers discovered a stun gun, a tire puncher, and a small pocketknife. Officers found a wallet in the truck, but could not remember if there was any identification in the wallet.

The State sought revocation of Boatner's probation based upon the loaded rifle, the parolee's presence in the trailer, and the knife, tire puncher, and stun gun found in the truck. At the revocation hearing, Boatner testified that the rifle was not his. He stated that he was asleep in the trailer when the probation officer came to the door and was unaware that his brother-in-law was in the trailer. Finally, he testified that the truck did not belong to him.

The trial court revoked five years of Boatner's probation, finding that Boatner violated two of his probation conditions by possessing a firearm and being in the presence of a known parolee. The trial court also found Boatner guilty of a new felony offense, possession of a firearm by a convicted felon. Boatner now appeals pursuant to our grant of his application for discretionary appeal.

On appeal, violations of probation must be proved by a preponderance of the evidence. OCGA § 42-8-34.1 (b). This Court will not interfere with a revocation absent manifest abuse of discretion on the part of the trial court. *Smith v. State*, 283 Ga. App. 317, 318 (641 SE2d 296) (2007).

1. In his first enumeration of error, Boatner argues that there was insufficient evidence that he possessed the rifle found leaning against the front porch of his trailer. We agree.

In this case, the State's only evidence of Boatner's possession of the rifle is the rifle's proximity to Boatner's trailer. The rifle was found leaning against the outside railing of the porch on Boatner's trailer. The probation officer acknowledged that the rifle could have belonged to any one of Boatner's neighbors. Notably, the police did not find any ammunition inside Boatner's trailer or on his property, and the bullet found inside the truck that was near his trailer did not match the rifle.

Although the State's burden of proof is lower in a probation revocation case, a probationer's mere presence in the area where [the prohibited item is] found will not justify a [probation] revocation based on possession of [the prohibited item], even under the more relaxed preponderance of the evidence standard.

*Scott v. State*, 305 Ga. App. 596, 599 (699 SE2d 894) (2010).

Because there must be something more than mere spatial proximity that links the probationer to the prohibited item, the State did not carry its burden of showing that Boatner was in possession of the rifle. See *Smith v. State*, 306 Ga. App. 54, 57 (701 SE2d 490) (2010) (reversing order of revocation where State presented no evidence other than spatial proximity to contraband).

2. Likewise, the evidence was insufficient to support a finding that Boatner possessed the stun gun and other items found in the truck. Boatner testified that the truck belonged to his brother-in-law, and his wife sometimes drove it. This evidence was undisputed. Boatner denied that it was his wallet that was found in the truck.

Therefore, although there is evidence that Boatner had driven the truck in the past, there is no evidence that Boatner owned the truck, had exclusive control over the truck, or drove the truck prior to the discovery of the stun gun. Thus, the State was unable to show that Boatner had exclusive access to or was in control of the truck in the time immediately preceding the recovery of the items. Therefore, there is no presumption that Boatner possessed the prohibited items. See *Smith*, supra at 57.

The wallet found in the truck does not change this conclusion. The probation officer could not remember if there was any identification in the wallet. The probation officer stated that he asked Boatner's wife if the wallet belonged to Boatner and she said "yes." Boatner's counsel objected to this as hearsay, and the trial court sustained the objection. Nothing further regarding the wallet was admitted into evidence. "Hearsay evidence has no probative value and is inadmissible in a probation revocation proceeding." *Brown v. State*, 294 Ga. App. 1, 4 (668 SE2d 490) (2008).

3. Boatner argues that there is insufficient evidence to show that he violated his probation by being in the presence of Allen, a wanted parolee. We disagree.

Boatner's third condition of probation stated that Boatner must avoid persons of disreputable or harmful character. Boatner admits that he knew Allen was on parole. The evidence also shows that Allen was inside Boatner's trailer. Boatner, however, argues that he did not invite Allen over to his trailer, and was unaware of his presence. Boatner testified at the hearing that his brother-in-law lived right

across the street from him and he would see him "every other day or so." Boatner did not deny that he associated with Allen. He stated only that they "didn't . . . hang out all the time." When asked: "So if he [Allen] comes over, do you run him off or. . . ." Answer: "That's my wife's brother." "Okay. She could invite him over if she wants to, I guess?" Answer: "I guess."

In a probation revocation, issues of witness credibility are reserved for the trial court. *Andrews v. State*, 276 Ga. App. 428, 432 (623 SE2d 247) (2005). Here, there was sufficient evidence that Boatner did not avoid Allen, a wanted parolee, in violation of one of the conditions of his probation.

4. Under Georgia law, a trial court's discretion as to the length of a probation revocation varies depending on whether the probationer's violation is a new felony offense, a violation of a general condition of probation, or a violation of a special condition of probation. OCGA § 42-8-34.1. The trial court in this case found that Boatner committed the new felony offense of possession of a firearm by a convicted felon, and violated two conditions of probation by possessing an offensive weapon, and by not avoiding persons of disreputable or harmful character. Because we conclude that Boatner violated only one condition of his probation, we reverse in part the order of revocation and remand to the trial court for further action consistent with this opinion.

*Judgment affirmed in part, reversed in part, and case remanded. Phipps, P. J., and McFadden, J., concur.*

DECIDED OCTOBER 19, 2011.

*Clarence R. Patton*, for appellant.

*Leigh E. Patterson, District Attorney, John A. Tully, Assistant District Attorney*, for appellee.