## A11A1837. AVERY v. THE STATE.
### (721 SE2d 202)

McFADDEN, Judge.

Huey Harrison Avery III challenges the order revoking a portion of his probation. He argues that the evidence was insufficient to show that he committed the new offense of obstructing an officer because he was entitled to walk away when a police officer tried to stop him. We affirm because the arresting officer had particularized, objective reasons for detaining Avery.

The state filed a petition to modify or revoke Avery's probation on the ground that he committed the new offenses of obstructing an officer and loitering or prowling. After conducting a hearing, the trial court found by a preponderance of the evidence that Avery had violated the terms of his probation by committing the offense of obstruction of an officer as set forth in the petition. The court therefore ordered Avery to be incarcerated in a probation detention center for not less than 180 nor more than 240 days. We granted Avery's application for discretionary appeal, and he filed this appeal.

"This court will not interfere with a probation revocation, where the standard for finding a violation is a preponderance of the evidence, unless a trial court has manifestly abused its discretion." (Citations omitted.) *Cannon v. State*, 260 Ga. App. 15, 16 (579 SE2d 60) (2003). OCGA § 16-10-24 (a) provides that "a person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor." Avery argues that the officers who arrested him were not in the lawful discharge of their duties because they lacked reasonable suspicion to warrant a lawful, second-tier encounter. Therefore, Avery argues, their contact with him was simply a first-tier encounter from which Avery could walk away. See *Walker v. State*, 299 Ga. App. 788 (683 SE2d 867) (2009).

At the hearing on the petition, Officer Hayward Derouen testified that he stopped Avery in the same area where a robbery had occurred earlier that day. Derouen had received a briefing that evening to be on the lookout for the perpetrator of the robbery, described as a tall, black man, wearing dark clothes and a plaid shirt, with white or gray gloves; Avery was wearing dark clothing, a long, dark trench coat and maybe a hat, and he had gray gloves. Derouen stopped Avery because he fit the be-on-the-lookout description and was in the same location as the robbery. Avery refused to speak with

Derouen and ran away, ignoring Derouen's order to stop. Derouen caught up with him and arrested him.

The issue is whether the contact between Avery and the police officer was a first-tier or a second-tier encounter. "[A] citizen's ability to walk away from or otherwise avoid a police officer is the touchstone of a first-tier encounter. Even running from police during a first-tier encounter is wholly permissible." (Citations and punctuation omitted.) *Galindo-Eriza v. State*, 306 Ga. App. 19, 22-23 (1) (701 SE2d 516) (2010). Second-tier encounters occur

> when the officer actually conducts a brief investigative *Terry* stop of the citizen. In this level, a police officer, even in the absence of probable cause, may stop persons and detain them briefly, when the officer has a particularized and objective basis for suspecting the persons are involved in criminal activity.

(Citation and punctuation omitted.) *Peters v. State*, 242 Ga. App. 816, 817 (1) (531 SE2d 386) (2000). "Because the officer[ ] verbally commanded [Avery] to stop and prevented him from [leaving the scene], we find that it was a second-tier encounter for which a reasonable, articulable suspicion of criminal activity was required. [Cit.]" Id.

Derouen testified that he stopped Avery because he was in the area of the robbery that had occurred that day and because he matched the description of the be-on-the-lookout briefing. This amounted to a particularized and objective basis for suspecting that Avery may have been involved in criminal activity. See, e.g., *Howard v. State*, 187 Ga. App. 74, 76 (4) (369 SE2d 271) (1988) (officer who had been instructed to be on the lookout for robbery suspects, two young black men, one taller than the other, wearing dark shirts, one with two-toned pants and one with a blue jacket, had specific and articulable facts, namely the suspects' physical resemblance to the description, that gave rise to a reasonable suspicion that the men had been involved in the robberies, and the officer was justified in detaining them); *Smith v. State*, 165 Ga. App. 333 (299 SE2d 891) (1983) (detention of defendant and his companions was based on specific and articulable facts giving rise to a reasonable suspicion when radio bulletin described the perpetrators of an armed robbery as two black males armed with sawed-off shotguns and dressed in dark clothing, one of whom was wearing a gray colored toboggan hat, and 30 minutes later a few miles away from the scene of the crime, an officer saw an automobile with a passenger wearing a gray toboggan hat, even though there were three men in the car). Consequently, we conclude that the trial court did not abuse its

discretion in finding that the state proved by a preponderance of the evidence that Avery committed the new offense of obstructing an officer. We therefore affirm the trial court's revocation of his probation.

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED DECEMBER 8, 2011.

*Albert P. Hopkins III*, for appellant.
*Layla H. Zon, District Attorney, Warren S. Summers, Sr., Assistant District Attorney*, for appellee.