**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

June 14, 2012

# In the Court of Appeals of Georgia

A12A0029. SUMMERFORD v. THE STATE.                    DO-001 C

DOYLE, Presiding Judge.

In this discretionary appeal, Kristopher Summerford challenges the revocation of his first offender probation status based on a new offense of possession of a firearm by a felony first offender.[1] Summerford contends that the only evidence of his subsequent offense was inadmissible hearsay, and the evidence was therefore insufficient to support the revocation. We disagree and affirm.

The record shows that Summerford entered a negotiated guilty plea to theft by receiving stolen property, possession of a firearm during the commission of a felony, and carrying a concealed weapon. He was sentenced to serve ten years on probation as a first offender. The State thereafter petitioned the superior court to revoke the

---

[1] OCGA § 16-11-131 (b).

probation based on new offenses of possession of a firearm by a first offender probationer and theft by receiving stolen property.[2] The trial court held a hearing on the petition during which Summerford's probation officer and a detective testified. Based on the testimony at the hearing, the superior court revoked Summerford's probation for a violation of criminal law and for failure to pay as directed. We granted Summerford's application for discretionary appeal[3] to examine the sufficiency of the evidence to support the trial court's findings.

A court may revoke probation based on new violations if the evidence produced at the revocation hearing establishes by a preponderance of the evidence the violation or violations alleged. And this Court will not interfere with a revocation absent manifest abuse of discretion on the part of the trial court. Accordingly, if admissible

---

[2] On the day of the revocation hearing, the State, apparently without informing Summerford, amended the petition to include burglary as a basis for the revocation. Even if Summerford was notified at the hearing, however, this short notice was inadequate to allow Summerford to prepare his defense and otherwise afford him due process. See *Wolcott v. State*, 278 Ga. 664, 667 (2) (604 SE2d 478) (2004) ("Due process requires that a defendant be given written notice of the claimed violation of his probation prior to the revocation hearing.") (citation and punctuation omitted). Therefore, the burglary allegation could not properly serve as a basis for the revocation.

[3] See OCGA § 5-6-35 (a) (5); *Dean v. Sate*, 177 Ga. App. 123, 124 (1) (338 SE2d 711) (1985).

evidence is presented in support of the allegations regarding revocation of probation, this Court will affirm.[4]

Here, the evidence began with testimony from the probation officer that Summerford had failed to pay his probation fees as directed. Thereafter, a police detective testified that Summerford had been implicated during a murder investigation. The detective began testifying as to facts he learned "based on investigation," and Summerford's counsel objected on hearsay grounds. The trial court sustained the objection, and the detective continued his testimony, explaining that Summerford himself had spoken to the officer and told him that he had committed a burglary with an accomplice in which a .45 caliber weapon was recovered. The following colloquy ensued on direct examination by the State:

Q: Where was the gun recovered?

A: It was during a search warrant, drug search warrant two days after.

Q: And it was in [Summerford's] home or the home of –

A: No, it wasn't. Based on my investigation, he sold the gun to the individual that committed the murder.

---

[4] (Footnotes and punctuation omitted.) *Brown v. State*, 294 Ga. App. 1, 3 (2) (668 SE2d 490) (2008).

3

Q: And so Mr. Summerford stated to you that that's how this individual came to be in possession of the –

A: No, he stated to me that he took some individuals to Warner Robins to do a burglary, that gun in the commence of that burglary, the gun that he helped retrieve, helped burglarize, was the gun that committed the murder.

Q: And did he admit to having possession at some point of that firearm?

A: He didn't – he didn't – he didn't, per se, that particular firearm, but other people that I investigated did.

Q: Okay. And how did he come to be charged with possession of a firearm by a first offender probationer?

A: Based on statements I received –

Summerford's Counsel: Objection, hearsay.

Court: Sustained. All right. You finished, [State]?

State: Yes.

. . .

[On cross examination by Summerford's counsel:]

4

Q: You don't have any personal knowledge of him having – possessing a firearm, do you?

A: No, he didn't make a statement saying he did.

Q: Okay. So –

A: That he tried to purchase at least one or two firearms and he also told me that he helped somebody burglarize a house with the firearm.

. . .

Q: So he did not make any kind of admission to you that he had –

A. No, he didn't.

Q: And you don't have any other witnesses with us here today that he possessed a firearm, do you, sir?

A: Other than statements, no.

Q: Well the statements are not admissible.

A: Apparently not.

Based on this testimony, it is clear that the source of the detective's testimony that Summerford possessed a firearm was statements made to him by others in the

5

course of the detective's investigation. Such testimony is hearsay, "has no probative value[,] and is inadmissable in a probation revocation proceeding."[5] Nevertheless, the detective did testify that Summerford himself told the detective that he had participated in an armed burglary and that the gun used was one that Summerford helped retrieve. Those statements were admissible,[6] and based on this evidence, the trial court was authorized to conclude that Summerford had violated the terms of his probation by possessing a firearm, especially in light of the State's lower burden of proof at the hearing. Accordingly, based on the record before us, we discern no manifest abuse of discretion by the trial court in revoking Summerford's probation.

*Judgment affirmed. Andrews and Boggs, JJ., concur.*

---

[5] *Brown*, 294 Ga. App. at 4 (2). See *Newsome v. State*, 288 Ga. 647, 649-650 (2) (706 SE2d 436) (2011) ("Testimony is considered hearsay if the witness is testifying to another party's statement in order to prove or demonstrate the truth of the matter asserted in that statement.").

[6] Summerford does not challenge the voluntariness of the statements he made to the detective. "A voluntary incriminating statement or confession by a criminal defendant is admissible as an exception to the hearsay rule." (Punctuation omitted.) *Cwiek v. State*, 220 Ga. App. 36, 37 (2) (467 SE2d 608) (1996).