**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**September 13, 2012**

# In the Court of Appeals of Georgia

A12A1233. FLOYD v. THE STATE.

BOGGS, Judge.

We granted Ashley Floyd's application for discretionary review of a trial court order revoking her probation. Because the trial court did not err in revoking Floyd's probation, but did err in refusing to give her credit for time served, we affirm in part and vacate in part, and remand this case with direction.

"A court may not revoke any part of any probated or suspended sentence unless the defendant admits the violation as alleged or unless the evidence produced at the revocation hearing establishes by a preponderance of the evidence the violation or violations alleged." OCGA § 42-8-34.1 (b); see *Thurmond v. State*, 304 Ga. App. 587 (696 SE2d 516) (2010). This court will not interfere with a probation revocation

unless the trial court manifestly abused its discretion. *Avery v. State*, 313 Ga. App. 259 (721 SE2d 202) (2011).

The record reveals that on May 17, 2010, Floyd pled guilty to five counts of the possession of various drugs.[1] The trial court sentenced her to "seven years to serve two years in custody," with a credit of 14 days for the time she served following her arrest. As a condition of probation, Floyd was required to complete a drug treatment program called "Odyssey," in which she was already enrolled at the time of her plea. As a "condition of sentence" the trial court ordered: "custodial sentence to be backloaded. If [Floyd] does not complete probation and Odyssey program successfully, [Floyd] to be placed in custody."

Less than six months after receiving her probated sentence, Floyd was arrested for allegedly committing the offense of possession of a controlled substance. The State filed a petition to revoke Floyd's probation on the ground that she had been arrested for a controlled substance and failed to complete the Odyssey program as directed.[2]

---

[1]Two of the charges were for possession with the intent to distribute.

[2]The possession charge was not presented to the grand jury.

At a February 2011 hearing on the revocation petition, Floyd stipulated that she did not complete the Odyssey program. The State presented a letter from the Odyssey program apparently stating that the last time Floyd attended the program was on May 19, 2010, two days after her sentencing hearing. Her counsel offered an explanation that Floyd was in a car accident and was receiving "ongoing medical treatment" for a head injury. Counsel explained that Floyd had been in the program for six months and that the accident occurred on August 24, 2010. Floyd herself explained that she also could not complete the program because she didn't "have anyone to keep [her] daughter." When Floyd claimed that she did in fact attend after May 19, 2010, the trial court "reset [this] case" to give trial counsel "an opportunity to find out if there is some other reason [Floyd] didn't complete the program. And if that letter is not correct, then if there's anything you want to present to the court in that regard, then we can hear it then."

At the second hearing on the matter in November 2011, Floyd's probation officer testified that Floyd enrolled in the Odyssey program on May 6, 2010 (11 days before her guilty plea and sentence) and attended three classes: May 11, May 13, and May 19. The probation officer stated that Floyd did not return after the May 19 class. Floyd's counsel argued for the first time that the court could not revoke her probation

for failure to complete the drug treatment program because there was no deadline for completion, and under the terms of Floyd's sentence, she still had another four years of probation to complete the program. The trial court disagreed and revoked the two years it had originally "backloaded" and gave Floyd "[c]redit for time served since 11-3-2010," when Floyd was jailed on the October 2010 possession charge. The court refused, however, to give Floyd credit for the 14 days she served prior to her guilty plea and sentence, stating, "She got credit for the 14 days when she was sentenced . . . [s]o why should she get credit for that time again?"

1. On appeal, Floyd argues that the State did not present sufficient evidence to show that she violated her probation. Specifically, Floyd contends that under *Huff v. McLarty*, 241 Ga. 442 (246 SE2d 302) (1978), and *Marks v. State*, 306 Ga. App. 824 (704 SE2d 379) (2010), she could not violate a condition of probation that required her to complete a drug treatment program because "[t]he sentence itself never indicated that there was any advanced deadline for completing the . . . [p]rogram."

In *Marks*, the defendant's conditions of probation included the requirement that he have no contact with his ex-wife and that he "enter into and successfully complete a domestic violence intervention program." (Punctuation omitted.) 306 Ga. App. at 824. He reported to his probation officer on February 18, 2010, and was assigned to

4

a domestic violence intervention program that was scheduled to begin on March 25, 2010. When the defendant was arrested on March 3, 2010 for harassing his ex-wife, the trial court revoked his probation for both contacting his ex-wife and failing to complete the intervention program. Id. at 824-825. In reversing the revocation, this court held that "[t]he sentence did not require Marks to complete the program by any specific date during the term of his 'Intensive Probation Supervision.'" Id. at 826-827 (2).

In *Huff*, supra, the defendant was required to pay a fine of $500 as a condition of probation. 241 Ga. at 442. But before serving his sentence of 12 months probation, he was arrested for the failure to pay the fine and ordered to serve 12 months in confinement. Id. at 443. The Georgia Supreme Court held that "because the fine was not lawfully required to be paid by any certain date" officials had no right to revoke probation for his alleged failure to comply with its terms. Id. at 447.

Both *Huff* and *Marks* are factually distinguishable from the present case. In *Marks*, the defendant had not yet had an opportunity to attend the intervention program because he was arrested before the program began, and in *Huff*, the defendant had not yet begun to serve his sentence of 12 months of probation when it was revoked.

Regardless of the facts presented, however, *Huff* and *Marks* both rely upon the well-settled rule that "the trial court has the obligation to make criminal sentences, including the terms of probation, certain, definite and free from ambiguity, and the benefit of any doubt shall be given the accused." (Citation, punctuation and footnote omitted.) *Marks*, supra, 306 Ga. App. at 825. Here, the trial court's order was ambiguous in that it did not provide a specific date by which Floyd was required to complete the drug treatment program.[3] But that is not the end of our analysis.

"An accused is entitled to rely on the provisions set forth in the sentencing document *if he is not informed to the contrary when the sentence is imposed*." (Citations, punctuation and footnote omitted; emphasis in original.) *Otuwa v. State*, 303 Ga. App. 410, 411 (1) (693 SE2d 610) (2010). Here, prior to sentencing Floyd,

---

[3] The sentencing order in this case lacks clarity in several respects. First, it states: "As to Cts. 1, 2, 3, 4, 5 seven years to serve two years in custody." But there is no indication in the section of the order providing for probation that a portion of the sentence may be served on probation. Second, on a preprinted line providing "Other Conditions of Probation," the word "Probation" is crossed out and the word "Sentence" is handwritten in its place. Finally, the order provides that "custodial sentence to be backloaded," with no explanation of the term "backloaded," and no explanation as to what would become of the "backloaded" two years in the event that Floyd completed the five years of probation successfully. It would have been more appropriate for the court to *suspend* the two years of the custodial portion of Floyd's seven-year sentence to allow her to serve that time on probation, subject to the condition that she complete the Odyssey program.

6

the trial court explained: "the maximum sentence that can be imposed in this case is a hundred years in custody. Do you understand that?," to which Floyd responded: "Yes, Sir." After some colloquy to establish the voluntariness of Floyd's plea, the court sentenced Floyd:

> I'm going to impose a sentence of seven years to serve two years in custody, but I will back load the two years so that *in the event that you are able to finish the drug treatment program that you're under*, which I believe is called the Odyssey program, *you can finish that successfully* and stay clean during the time you're on probation. You must submit to random urine screens and drug tests.
>
> If you stay clean and stay out of trouble, then I will waive the two years in custody. However, *in the event that you don't finish the program*, you are going off for two years. Do you understand that?

(Emphasis supplied.) Floyd again responded: "Yes, Sir." Floyd was therefore well aware that her probation could be revoked for her failure to complete the program in which she was already enrolled. By entering into the Odyssey program and attending classes prior to her plea, Floyd framed the terms of her sentence, presumably to gain leniency or favor with the court. She should not be allowed to "game the system" by gaining that favor, receive the benefit and then attend only one more class and never return. While Floyd maintained that she did not complete the program because of

7

medical treatment and a lack of childcare, she never brought these issues to the attention of the court before the State sought revocation, nor did she at any time during the probation revocation hearing express an intent to re-enter and complete the program.

> We have held that service of probation is a privilege, and that while a person is on probation, his private life and behavior may be regulated by the State to an extent that would be completely untenable under ordinary circumstances. Nevertheless, the trial court has the authority to revoke a probationary sentence *only when the defendant has violated rules and regulations prescribed by the court.*

(Citations, punctuation and footnotes omitted; emphasis supplied.) *Marks*, supra, 306 Ga. App. at 825. Under the circumstances presented here, the ambiguity in the form of the sentencing document was not fatal to the court's revocation of Floyd's probation. See *Otuwa*, supra, 303 Ga. App. at 412 (1) (ambiguity in sentencing document not fatal where defendant informed at plea hearing that he could receive maximum term if he violated probation); *Beeks v. State*, 169 Ga. App. 499, 499-500 (1) (313 SE2d 760) (1984) (sentence not erroneous where defendant informed at hearing he could be sentenced to ten years upon revocation). As Floyd "violated [a] rule . . . prescribed by the court" in failing to complete the program she had already

8

begun, the trial court did not manifestly abuse its discretion in revoking her probation. See, e.g., *Burson v. State*, 161 Ga. App. 107, 109 (2) (289 SE2d 254) (1982) (where defendant by his own actions was no longer enrolled in treatment program that was a condition of probation, court did not manifestly abuse its discretion in revoking probation).

2. The trial court did err however, in failing to give Floyd a credit for 14 days for time served as outlined in her sentence. The trial court refused to give Floyd credit for the 14 days because "she got credit for the 14 days when she was sentenced." But while Floyd received the 14 days' unspecified credit at sentencing, the credit was not applied specifically to either her period of confinement or to her probationary period. Therefore, the trial court erred in failing to credit Floyd for 14 days when it revoked her probation. For this reason, we vacate this portion of the trial court's revocation order and remand with direction that the trial court give Floyd 14 days' credit for time served.

*Judgment affirmed in part, vacated in part, and case remanded with direction. Doyle, P. J. and Andrews, J., concur.*