**FIRST DIVISION**
**BARNES, P. J.**
**PHIPPS, P. J., AND MERCIER, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 10, 2016**

# In the Court of Appeals of Georgia

A15A2071. BARFIELD v. STATE.

MERCIER, Judge.

We granted the application for discretionary appeal in this case to review the evidence supporting the trial court's decision to revoke Lee Barfield's probation. Because the evidence did not support the trial court's judgment, even under the more lenient standard applicable to a probation revocation, we reverse.

In 1999, Barfield pled guilty to two counts of burglary, statutory rape, and robbery by force. He was sentenced to 20 years, with 6 to serve in confinement, and the final 14 years to be served on probation. In 2013 the State filed a petition to revoke his probation, alleging that Barfield had committed armed robbery and failed to pay court-ordered fines. A revocation hearing was held where Barfield contested the petition, arguing that the State had failed to meet their burden.

The evidence presented by the State at the hearing described an armed robbery that occurred on August 26, 2013 at a package store in Helena. The owner of the package store testified that Barfield entered her store at approximately 4:05p.m., and asked for a bottle of Patron. When shown a bottle of Patron, Barfield expressed dissatisfaction with its size, thanked the owner, and left.

Approximately a minute and half later, a different individual entered the store and proceeded to rob the owner at knife point. At some point during the robbery, the store owner was able to retrieve a handgun and opened fire at her attacker. Several of her shots struck the assailant, and he left the store quickly, climbed into the passenger's side of a white car, and sped off.

Subsequently, a team of GBI officers went to the package store and conducted a crime scene investigation. At the crime scene they collected a bag of trash, one sunflower seed, two swabs of blood, a bullet fragment, and two latent fingerprints. The sunflower seed, which was found inside the store, was submitted to the crime lab for DNA analysis. That analysis revealed that Barfield's DNA was on the sunflower seed. The getaway vehicle was also processed, and a bag of sunflower seeds was discovered between the center console and the front passenger's seat. The GBI agent tasked with investigating the vehicle admitted that no evidence was found linking

2

Barfield with the bag of sunflower seeds recovered from the car, and that there were millions of similar bags in circulation. The agent did not find any fingerprints or DNA linking Barfield with the vehicle, either. Ultimately, the only evidence the State produced linking Barfield to the crime was the sunflower seed carrying his DNA, which was found inside the store.

The trial court found that a preponderance of the evidence showed that Barfield had violated the terms and conditions of his probation by taking part in an armed robbery, and thus revoked the balance of his probated sentence.

> A court may not revoke any part of any probated or suspended sentence unless the evidence produced at the revocation hearing establishes by a preponderance of the evidence the violation or violations alleged. OCGA § 42–8–34.1(b). This court will not interfere with a revocation unless there has been a manifest abuse of discretion on the part of the trial court.

*Scott v. State*, 305 Ga. 596 (699 SE2d 894) (2010) (citations, punctuation, and footnote omitted).

Barfield contends that the trial court erred in revoking his probation because the State failed to show by a preponderance of the evidence that he took part in the armed robbery. "It is, of course, true that mere presence or association, without any

3

evidence to show further participation in the commission of the crime, is insufficient to authorize a conviction." *Clemente v. State*, 331 Ga. App. 84, 86 (769 SE2d 790) (2015) (citation and punctuation omitted).

Here the State showed only that Barfield was in the package store moments before the armed robbery took place. While the sunflower seed with Barfield's DNA places him at the scene of the crime, Barfield's presence is not in dispute. The State failed to provide any evidence at the probation revocation hearing to show his participation in the commission of the armed robbery. Compare *Newsome v. State*, 324 Ga. App. 665, 667 (1) (751 SE2d 474) (2013).

The State contends that the presence of the bag of sunflower seeds in the getaway car links Barfield to the crime as the getaway driver. While it is undisputed that a sunflower seed with Barfield's DNA was found at the scene, there is no evidence linking that particular seed with the bag of sunflower seeds found in the getaway car, none of Barfield's DNA was found in the car, and none of his fingerprints were found in the car either. Here, the evidence equally supports the reasonable hypothesis that Barfield merely spat out a sunflower seed while shopping in the package store, moments before an armed robbery committed by someone else

4

took place. There is no dispute that Barfield was not the person who actually held up the store.

The evidence presented by the State was insufficient under a preponderance of the evidence standard to exclude every other reasonable hypothesis save that of guilt. See *Gray v. State*, 313 Ga. App. 470, 473-474 (2) (722 SE2d 98) (2011). The evidence was therefore insufficient to support a finding that Barfield committed the offense with which he was charged. Consequently, the trial court abused its discretion by revoking Barfield's probation.

*Judgment reversed. Barnes, P. J., and Phipps, P. J., concur.*