**FIFTH DIVISION**
**REESE, P. J.,**
**MARKLE and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).**

**June 5, 2020**

# In the Court of Appeals of Georgia

A20A0740. WRIGHT v. THE STATE.

REESE, Presiding Judge.

Joseph Patrick Wright appeals from the trial court's order revoking his probation based on the new offense of possession of a drug-related object.[1] For the reasons set forth infra, we reverse because the State presented no admissible evidence beyond mere proximity that Wright possessed the contraband.

In 2015, Wright pled guilty to theft by taking, possession of tools during the commission of a crime, criminal damage to property, and possession of methamphetamine. The trial court sentenced him to five years of probation. In 2016, the State petitioned to revoke his probation on the ground that he had committed the

---

[1] See OCGA § 16-13-32.2 (a).

new offenses of possession of methamphetamine, felony theft by taking, and possession of drug-related objects.

The State called two witnesses at the revocation hearing. The first witness, Wright's probation officer, testified regarding Wright's conviction and sentence. The second witness, a sergeant with the Lamar County Sheriff's Office, testified on the alleged new offenses.

The sergeant testified that he was investigating the burglary at a cell phone tower. The sergeant went to the tower and saw signs of illegal entry into a storage trailer and footprints at the scene. He took pictures of the trailer and footprints. The victims provided the sergeant with a list of the missing items and their corresponding serial numbers. The victims also had a description of the vehicle used to take the items, and the sergeant put out a be-on-the-lookout ("BOLO") for the vehicle. The victims, however, did not testify at the hearing.

The sergeant received a response to his BOLO in a neighboring county. He proceeded to the residence and found Wright about to be arrested on an unrelated charge. Wright was handcuffed in the backseat of a patrol vehicle. The sergeant observed that the truck in the driveway fit the description of the BOLO. He executed a search warrant and found that the equipment in the truck matched the serial

2

numbers from the list given by the victims. He also found a "meth pipe" in the truck. The sergeant later interviewed Wright after his arrest and observed that Wright's shoe matched the impression at the crime scene.

Wright did not own the residence where the sergeant located the truck. The truck's registration did not match Wright either. When the sergeant started to testify that he ran the truck's tag and that it matched Wright, defense counsel objected on hearsay grounds, and the trial court sustained the objection.[2] Defense counsel also objected on hearsay grounds to testimony that the items were stolen, because the victims did not testify at the hearing.[3] The court overruled this objection, but ultimately only revoked Wright's probation "based on the meth pipe[.]" The court revoked the balance of his probation, which was approximately three years and six months, based on a violation of a special condition of probation. We granted Wright's application for discretionary review, and this appeal followed.

---

[2] See *Byrd v. State*, 325 Ga. App. 24, 26 (1) (752 SE2d 84) (2013) ("The proper method of offering proof on [the results of a computer check of a tag] would have been through the introduction of a properly authenticated printout of the computer record rather than by the officer's testimony alone.").

[3] See *Smith v. State*, 283 Ga. App. 317, 319 (641 SE2d 296) (2007) (reversing revocation of probation when there was no non-hearsay testimony that items had been stolen).

3

A court may revoke probation based on new violations if the evidence produced at the revocation hearing establishes by a preponderance of the evidence the violation or violations alleged. And this Court will not interfere with a revocation absent manifest abuse of discretion on the part of the trial court. Accordingly, if admissible evidence is presented in support of the allegations regarding revocation of probation, this Court will affirm.[4]

With these guiding principles in mind, we now turn to Wright's specific claims of error.[5]

1. Wright argues that the trial court abused its discretion in finding that he possessed the methamphetamine pipe. He contends that no admissible evidence demonstrated that he possessed the pipe and that the State only showed spatial proximity. We agree.

Under OCGA § 16-13-32.2 (a), it is unlawful "for any person to use, or possess with the intent to use, any object or materials of any kind for the purpose of . . .

---

[4] *Summerford v. State*, 316 Ga. App. 201, 202 (728 SE2d 829) (2012) (punctuation and footnote omitted).

[5] The State never filed a brief in this case, despite our rule requiring it to do so, and even after we granted the State an extension of time. See Court of Appeals Rule 23 (b).

inhaling, or otherwise introducing into the human body . . . a controlled substance."

Violation of this section is a misdemeanor.[6]

"Where, as here, there is no evidence that the defendant was in actual possession of contraband, the State must present evidence showing the defendant's constructive possession."[7] "[T]o prove constructive possession, the State was required to show some connection between [the defendant] and the [contraband] other than spatial proximity."[8] Thus, while "the State's burden of proof is lower in a probation revocation case, a probationer's mere presence in the area where [contraband is] found will not justify a revocation based on possession of [contraband], even under the more relaxed preponderance of the evidence standard."[9]

In this case, there was no admissible evidence showing that Wright possessed the methamphetamine pipe. Wright was in the back of a patrol car when the sergeant

---

[6] OCGA § 16-13-32.2 (b).

[7] *Scott v. State*, 305 Ga. App. 596, 598 (699 SE2d 894) (2010) (applying this standard to possession of a controlled substance).

[8] Id. (citation and punctuation omitted).

[9] Id. at 599.

5

arrived at the residence, and no non-hearsay[10] evidence showed that Wright owned the truck.[11] The trial court thus abused its discretion in revoking Wright's probation based on possession of the pipe.[12] Accordingly, we reverse.

2. Wright argues that the trial court exceeded the statutory maximum in revoking the balance of his probation. Given our holding in Division 1, we need not address this argument.

*Judgment reversed. Markle and Colvin, JJ., concur.*

---

[10] See *Henley v. State*, 317 Ga. App. 776, 778 (1) (a) (732 SE2d 836) (2012) (reversing revocation of probation when the trial court relied solely on hearsay).

[11] Cf. *Beavers v. State*, 346 Ga. App. 373, 377 (1) (816 SE2d 384) (2018) ("If the State presents evidence that a defendant owned or controlled premises where contraband was found, it gives rise to a rebuttable presumption that the defendant possessed the contraband.") (citation and punctuation omitted).

[12] See *Scott*, 305 Ga. App. at 599 (reversing probation revocation where defendant was a passenger in a vehicle that belonged to the driver and in which drugs were found in the center console); *Brown v. State*, 294 Ga. App. 1, 5 (2) (668 SE2d 490) (2008) (reversing probation revocation based on drug trafficking where non-hearsay evidence only showed that defendant was at a house where drugs were found and that he fled as police approached); *Anderson v. State*, 212 Ga. App. 329, 329-330 (442 SE2d 268) (1994) (reversing probation revocation based on possession of cocaine with intent to distribute where evidence only showed that defendant was at his mother's house where drugs were found).