**FOURTH DIVISION
DILLARD, P. J.,
MERCIER and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**March 12, 2021**

# In the Court of Appeals of Georgia

A21A0339. HUNT v. THE STATE.

MERCIER, Judge.

We granted Anthony Hunt's application for discretionary appeal to review the trial court's order partially revoking his probation. Because the evidence was insufficient to support a revocation, we reverse.

Viewed in the light most favorable to the trial court's judgment, see *Boatner v. State*, 312 Ga. App. 147 (717 SE2d 727) (2011), the record shows that Hunt was convicted in May 2019 of conspiracy to commit armed robbery. He was sentenced to ten years of probation subject to certain conditions, including that he "not violate the criminal laws of any governmental unit[.]" Approximately one year later, the State petitioned to revoke Hunt's probation, alleging that he had violated a probationary condition by committing a new crime — possession of a firearm by a convicted

felon.[1] See OCGA § 16-11-131 (b) (a person who has previously been convicted of a felony "and who receives, possesses, or transports any firearm" commits a new felony).

The trial court held a revocation hearing, at which the following evidence was presented. On March 15, 2020, Hunt, his fiancée Deaundra Green, and Green's aunt went to Walmart, where the aunt was observed shoplifting. The police were called, and responding officers found Hunt and the two women in Green's car at a nearby gas station. Green was in the driver's seat, Hunt was in the front passenger seat, and Green's aunt was sitting in the backseat.

When confronted by the officers, Green's aunt admitted to shoplifting merchandise from Walmart. The officers searched the car and retrieved the stolen items. They also discovered marijuana and a glass pipe containing a substance that tested positive for methamphetamine in the back of the car, as well as a handgun concealed under the front passenger seat where Hunt had been sitting. A computer check of the gun's serial number revealed that it had been reported stolen.

---

[1] The petition also alleged that Hunt had committed the crimes of criminal trespass and possession of marijuana. The trial court, however, found that the State failed to prove that Hunt committed these offenses.

2

Green's aunt told the officers that the methamphetamine pipe belonged to her, and she was charged with shoplifting, possession of methamphetamine, possession of marijuana, and possession of drug-related objects. Green, who claimed ownership of the handgun, was charged in connection with the stolen firearm. Because the gun was found under the seat occupied by Hunt, he was charged with possession of a firearm by a convicted felon.

At the hearing, Green testified that the car belonged to her and that no one else ever drove the vehicle. Green further testified that she had purchased the gun found under the front passenger seat from her uncle after an ex-boyfriend threatened her. Hunt did not know that Green owned the gun, which she usually kept in a lockbox at her home. At one point, however, she placed the gun under the front passenger seat of her car. According to Green, she forgot the gun was there and never told Hunt that it was in the vehicle. Hunt also testified, confirming that he did not know that Green had a gun or that it was in the car.

After the presentation of evidence, the trial judge stated that he disbelieved Green's testimony that she bought the gun and also found it "hard to believe that Mr. Hunt would not know a gun with a 30 round clip [was] under his seat." Concluding that Hunt committed a new crime (and thus violated the conditions of his probation)

3

by possessing the gun, the court revoked two years of the probation. We granted Hunt's application for discretionary review, and this appeal followed.

A trial court may revoke a probated sentence if "the evidence produced at the revocation hearing establishes by a preponderance of the evidence the [probation] violation or violations alleged." OCGA § 42-8-34.1 (b). The trial court exercises its discretion in determining whether the State has met this burden of proof, and we will not reverse a revocation order absent manifest abuse of that discretion. See *Boatner*, supra at 148. In this case, however, we find such an abuse.

Without dispute, the State offered no evidence that Hunt *actually* possessed the gun found under the front passenger seat. Instead, it relied on constructive possession, which results when "[a] person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing[.]" *Harvey v. State*, 344 Ga. App. 7, 12 (2) (b) (806 SE2d 302) (2017) (citation and punctuation omitted); see also *Peppers v. State*, 315 Ga. App. 770, 772 (2) (728 SE2d 286) (2012) ("Constructive possession is sufficient to prove possession of a firearm by a convicted felon." (citation and punctuation omitted)).

The State claims that Hunt's "direct access" to the gun evidenced his dominion and control over it. But "a probationer's mere presence in the area where [a]

4

prohibited item is found will not justify a probation revocation based on possession of the prohibited item, even under the more relaxed preponderance of the evidence standard." *Boatner*, supra at 149 (1) (punctuation and citation omitted). In other words, "there must be something more than mere spatial proximity that links the probationer to the prohibited item." Id. This is particularly true where the prohibited item is hidden. See *Gray v. State*, 313 Ga. App. 470, 471 (1) (722 SE2d 98) (2011).

Nothing other than spatial proximity linked Hunt to the gun concealed under the front seat of Green's car. As a passenger in the vehicle, his presence alone cannot establish possession. See *Scott v. State*, 305 Ga. App. 596, 598 (699 SE2d 894) (2010). And although the trial court did not believe the testimony given by Hunt and Green, such disbelief, without more, cannot provide the necessary evidentiary connection. See *Daughtie v. State*, 297 Ga. 261, 264 (2) (773 SE2d 263) (2015) ("If the State were correct that jury disbelief of a testifying defendant could sustain a conviction without anything more, it would render appellate review of the sufficiency of the evidence meaningless in any case in which the defendant exercised his right to testify.").

We recognize that constructive possession can be shown through circumstantial evidence. See *Scott*, supra. But where, as here, the State relies wholly on

5

circumstantial evidence to establish possession, the proved facts must "exclude every other reasonable hypothesis save that of the guilt of the accused." Id. (citation and punctuation omitted). The evidence does not exclude the reasonable hypothesis that the gun hidden in Green's car belonged to Green and was unknown to Hunt. Accordingly, the trial court manifestly abused its discretion in revoking Hunt's probation. See *Scott*, supra at 599 (trial court erred in finding that defendant violated his probation by committing a new crime of drug possession where State offered no evidence linking defendant to drugs found in car in which he was a passenger); *Smith v. State*, 306 Ga. App. 54, 57 (1) (701 SE2d 490) (2010) (same).

*Judgment reversed. Dillard, P. J., and Colvin, J., concur*.